MARGARET FABSCHITZ, Admr. of the Estate of Michael Fabschitz, Deceased, Plaintiff-Appellee, *v.* ROBERT KING, Defendant-Appellant.

(No. 56049; )

First District (2nd Division)—February 6, 1973.

*Rehearing denied March 6, 1973.*

Leo J. Spivack and Norman E. Goldman, both of Chicago, for appellant.

Martin J. McGuire and Robert Q. Hoyt, both of Chicago, (Philip J. Rock, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant appeals from a judgment in a negligence action entered on a jury verdict in favor of plaintiff. Defendant raises several contentions on this appeal, but our disposition of this appeal requires only that we consider the contention that the trial court erred in not granting the motion for a directed verdict at the close of plaintiff's case and denying the motion for judgment notwithstanding the verdict.

This action arose from an automobile collision involving plaintiff's decedent (hereinafter decedent) and defendant. Subsequent to the collision, but prior to the trial of the action, decedent died from causes unrelated to the collision. Plaintiff thereafter maintained the action on behalf of decedent's estate. Defendant was precluded from testifying by reason of par. 2 of Ill. Rev. Stat., 1969, ch. 51, commonly referred to as the Dead Man's Act.

The sole evidence concerning the alleged negligence of defendant appears in admissions contained in the pleadings and the testimony of a police officer for the Village of Forest Park, Illinois, who investigated the reported collision. Defendant admits in his answer to plaintiff's amended complaint that he was driving a motor vehicle in a northerly direction of Desplaines Avenue at or near Madison Street in Forest Park, Illinois on December 3, 1965. Desplaines Avenue runs north and south while Madison Street runs east and west.

The investigating officer testified that he received a radio report of a collision at approximately 5:30 A.M. on December 3, 1965. Upon arriving at the scene he observed two automobiles facing north located in the two northbound lanes of traffic "about forty feet north of the alley of Madison Street." Decedent's automobile was located in the curb lane. There was a large pile of leaves in front of it. Defendant's vehicle was in the left lane partially astride the dividing line between the two lanes. The

vehicles were approximately two feet apart. Damage was manifested at the left rear portion of decedent's automobile. Defendant's automobile was damaged on the front right. It had been raining and the streets were wet.

■■ Defendant insists that the above evidence was insufficient to support a finding of negligence and that, therefore, it was error for the trial court to deny his motions for a directed verdict and for judgment notwithstanding the verdict. We agree.

■■ Verdicts should be directed and judgments notwithstanding the verdict entered only in those cases in which all the evidence, when viewed in its aspects most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria and Eastern R.R. Co.,* 37 Ill.2d 494.

■■ The sole evidence adduced by plaintiff on the issue of the alleged negligence of defendant was circumstantial consisting of the testimony of the investigating officer, who was not an eyewitness, relating his observations after he arrived on the scene. The applicable rule concerning the use of circumstantial evidence to establish negligence was aptly stated in *Coulson v. Discerns,* 329 Ill.App. 28, 32, as follows:

> "A fact cannot be established by circumstantial evidence unless the circumstances are of a nature and so related to each other that it is the only conclusion that can be drawn therefrom, and mere conjecture, guess or suspicion is insufficient."

It is our opinion that the evidence in the case at bar is insufficient to establish negligence on the part of defendant or that plaintiff was free from contributory negligence. There is no evidence that the collision occurred at the location where the automobiles were when observed by the investigating officer. There is no evidence that defendant failed to maintain a proper lookout, operated his vehicle at an excessive rate of speed, followed decedent's vehicle too closely or did not have his vehicle under proper control. None of these facts can reasonably be inferred from the evidence presented.

Plaintiff urges that we should consider the case of *Fahrforth v. Kwiatkowski,* 79 Ill.App.2d 300, as controlling here. That case is similar to the instant case in that defendant therein was also precluded from testifying by reason of the Dead Man's Act and judgment was entered on a jury verdict in favor of plaintiff. The only evidence of negligence in that case consisted of the testimony of the investigating officer who was not an eyewitness to the collision. *Fahrforth* is distinguishable from the instant case, however, because the testimony of the officer in that case disclosed an accumulation of debris from which the point of impact could rea-

sonably be inferred, defendant's vehicle left 130 feet of skid marks prior to the point of impact, travelled 52 feet after impact and disgorged 10 feet of guardrail on the opposite side of the road before coming to a halt. No such facts are present in the instant case from which a reasonable inference of negligence can be established.

Accordingly, the judgment is reversed.

Reversed.

LEIGHTON and HAYES, JJ., concur.