STANISLAW RERACK, Plaintiff-Appellant, v. MARY KAY LALLY, as Special Adm'r of the Estate of Daniel J. O'Leary, Deceased, Defendant-Appellee.

First District (3rd Division)   No. 1—91—0652

Opinion filed December 23, 1992.—Rehearing denied March 10, 1993.

Gary B. Friedman, Ltd., of Chicago (Jay R. Giusti, of counsel), for appellant.

Sanchez & Daniels, of Chicago (John J. Skawski, Timothy V. Hoffman, and John D. Daniels, of counsel), for appellee.

JUSTICE TULLY delivered the opinion of the court:

This cause of action arises from a rear-end automobile collision that occurred on November 14, 1987, involving plaintiff, Stanislaw Rerack, and defendant's decedent, Daniel J. O'Leary, on Diversey Avenue near Harlem Avenue in the City of Chicago. O'Leary, the initial defendant to this suit, died of causes unrelated to the accident during the pendency of this case. O'Leary's death occurred prior to his deposition being taken. Subsequently, Mary Kay Lally, as special administrator of O'Leary's estate, was substituted in as defendant after O'Leary's death.

Plaintiff is a resident alien who cannot understand the English language. When plaintiff sat for the written portion of Illinois driver's license examination, he took the Polish language version of the test. He testified, through an interpreter, that his car was in good condition, that the various functions including the brake lights worked properly. On the day of the collision, traffic was heavy and plaintiff's vehicle had come to a normal slow stop. With his foot on the brake pedal and halted for approximately two minutes, his car was struck from the rear by the vehicle driven by decedent.

Later, according to plaintiff, a police officer came to the scene, but did not take any statement from him due to the fact that he could not speak English. The officer, Charles T. Lauletta, testified that he did not speak or understand Polish. Thus, as plaintiff asserts, there was no way Lauletta could have communicated with plaintiff and, therefore, Lauletta would have only spoken with decedent and/or any other witnesses to this event. Lauletta confirmed that he had spoken with decedent, but could not recall whether he had talked with plaintiff.

Defendant subsequently filed a motion for summary judgment pursuant to section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) (section 2—1005) arguing that there was no genuine issue of material fact. On January 24, 1991, the

motion for summary judgment was granted. On appeal, plaintiff argues that: (1) the trial court erred in holding that the Dead Man's Act (Ill. Rev. Stat. 1987, ch. 110, par. 8—201) should be applied in ruling on a motion for summary judgment, where by its terms, it is to be applied "in the trial of any action"; (2) if the Dead Man's Act is to be applied, plaintiff was not incompetent to testify regarding matters which did not occur in the presence of defendant's decedent; and (3) the trial court erred in granting summary judgment as there remained a question of material fact whether defendant's decedent was negligent. We affirm in part and reverse in part and remand.

We first examine plaintiff's contention that the Dead Man's Act, by its terms, provides only that it is to be applied at trial and, thus, because the instant litigation was not at the point of trial, the trial court mistakenly applied it in ruling on the summary judgment motion. We disagree.

■ In applying both section 2—1005 and the Dead Man's Act to the case *sub judice*, we must construe both provisions liberally "in order that the true intent and meaning of the General Assembly may be fully carried out." (Ill. Rev. Stat. 1987, ch. 1, par. 1002.) The Dead Man's Act provides, in pertinent part:

> "In *the trial of* any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation *** or to any event which took place in the presence of the deceased ***." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 8—201.

■ We cannot believe that the General Assembly intended, by using the language emphasized above, to exclude from a court's consideration of a summary judgment motion the operation of the Dead Man's Act. The purpose of the summary judgment procedure is to determine if there are any genuine issues of triable fact. (*Kobus v. Formfit Co.* (1966), 35 Ill. 2d 533, 538, 221 N.E.2d 633.) The policy underlying the procedure is to facilitate litigation; its benefits inure not only to the litigants in the saving of time and expense, but also to the community in avoiding the congestion of trial calendars and the expense of unnecessary trials. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497.) While a motion for summary judgment is not a modified trial procedure, it is an adjudication of a claim on the merits and is the procedural equivalent of a trial. (*Poulos v. Reda* (1987), 165 Ill. App. 3d 793, 801, 520 N.E.2d 816.) Thus, it strains logic to construe the Dead

Man's Act in a manner that forces litigants to proceed to trial when it would be evident from an application of the Dead Man's Act, in the context of a summary judgment proceeding, that a litigant cannot prove his case. Therefore, we find that the trial court did not err in concluding that it could apply the Dead Man's Act within the context of a summary judgment proceeding.

We next turn to plaintiff's assertion that he was not incompetent to testify regarding matters which did not occur in the presence of defendant's decedent. Plaintiff cites error in the trial court's not allowing him to present testimony regarding the following: the overall mechanical condition of plaintiff's automobile and, specifically, the functioning of its brake light; the weather conditions at the time of the accident; that plaintiff's vehicle was stopped for two minutes; that plaintiff's foot was on the brake pedal of his car continuously; that plaintiff had heard no sound prior to the accident's impact; and that plaintiff observed damage to the rear of his vehicle the day after the occurrence. We agree.

The Dead Man's Act addresses the situation in which a party sues a deceased person or defends a suit as the representative of a deceased person. It provides that an adverse party may not testify on his own behalf to any conversation with the deceased or to any event which took place in the presence of the deceased. The purpose of the Dead Man's Act is to bar only that evidence which the decedent could have refuted. *Brown v. Arco Petroleum Products Co.* (1989), 195 Ill. App. 3d 563, 568, 552 N.E.2d 1003.

■ In the present case, the "event" at issue is the accident. Although the trial court properly barred plaintiff from testifying with regards to the details of the collision itself, we believe that its application of the Dead Man's Act was overly broad. None of the plaintiff's proffered testimony, listed above, can reasonably be said to have occurred during the "event." Even assuming that any of the above testimony could be categorized as regarding something that was within the event, it is still not testimony regarding an occurrence in the "presence" of the decedent. Thus, absent evidence establishing that decedent would have observed the aforementioned, it was error for the trial court to have excluded such testimony.

■ Plaintiff's final argument on appeal is that the trial court erred in granting summary judgment where a trier of fact could reasonably conclude from the facts and circumstances of the rear-end collision that defendant's decedent had been negligent. We agree.

We note that "[w]hile use of the summary judgment procedure is to be encouraged as an aid in the expeditious disposition of a lawsuit,

it is a drastic means of disposing of litigation and therefore should be allowed only when the right of the movant is clear and free from doubt." (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) In determining whether a genuine issue of material fact exists, the trial court must construe the pleadings, depositions, admissions and affidavits on file strictly against the movant and liberally in favor of the opposing party. (*Dietz v. Spalla* (1989), 186 Ill. App. 3d 742, 745, 542 N.E.2d 855.) "If fair-minded persons could draw different conclusions from the evidence, the issues should be submitted to a jury to determine what conclusion seems most reasonable." *Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 231, 450 N.E.2d 756.

The mere fact that a rear-end collision occurred is not enough to support a finding of negligence against a defendant. However, a litigant may rely upon circumstantial evidence where such evidence reasonably implies negligence from all the facts and circumstances shown to exist prior to and at the time of the collision. *Pennington v. McLean* (1959), 16 Ill. 2d 577, 582, 158 N.E.2d 624.

We cannot accept defendant's contention that the holding of *Fabschitz v. King* (1973), 10 Ill. App. 3d 43, 293 N.E.2d 916, is controlling of this case. In *Fabschitz*, a defendant-motorist was barred under the Dead Man's Act from reciting the various details of the accident at issue. The plaintiff in *Fabschitz* died and his estate attempted to premise liability on the defendant's having rear-ended the plaintiff's car, along with the testimony of an investigating police officer regarding damage location and the cars' positions after the collision. The defendant's motion for a directed verdict was denied. Subsequently, a verdict was returned for the plaintiff. On appeal, the appellate court reversed the trial court, citing that there was no evidence from which one could reasonably infer an excessive rate of speed, poor lookout, following too closely, or improper control of the defendant's vehicle. Thus, the evidence did not demonstrate that the collision probably occurred as a result of the defendant's negligence. Furthermore, there existed other plausible causes of the accident such as an improper lane change, a wet road, and leaves in the road that caused an obstruction. In the instant case, there were none of the weather or road conditions present that existed in *Fabschitz*. Moreover, unlike the situation in *Fabschitz*, decedent admitted, prior to his death, rear-ending plaintiff in his answer to plaintiff's complaint. Therefore, the facts of this case are distinguishable from those of *Fabschitz*.

In light of the foregoing standards and considerations, we believe, after a careful review of the record in a light most favorable to plaintiff, that a jury could reasonably conclude that defendant's decedent

was negligent. All of the aforementioned testimony, taken in tandem with the admission of decedent that he rear-ended plaintiff's automobile, supports this conclusion.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and reversed in part and this cause is remanded for further proceedings consistent with this decision.

Affirmed in part and reversed in part and remanded.

GREIMAN, P.J., and CERDA, J., concur.