FIRST DIVISION

March 29, 2004

No. 1-02-3425

PATRICIA RUBACK, 

Plaintiff-Appellant,

v.

EMMET DOSS a/k/a EMMETTE DOSS, 

and KATHERINE DOSS,

Defendants-Appellees. 
 

))))))))))

Appeal from the

Circuit Court of

Cook County

99 L 6571

Hon. John G. Laurie,

Judge Presiding.

JUSTICE McBRIDE delivered the opinion of the court:

This appeal arises out of an automobile collision between plaintiff, Patricia Ruback, and defendant Emmet Doss, now deceased.  Defendant Katherine Doss was Emmet's wife and was the owner of the vehicle driven by Emmet Doss during the collision with plaintiff.  Katherine Doss was not in the vehicle driven by her husband at the time of the accident.
  After Emmet's death, Katherine Doss was appointed special administrator of his estate. 

On June 14, 1999, plaintiff filed a two-count negligence complaint against Emmet Doss (count I) and Katherine Doss, under a principal-agent theory, (count II) alleging personal injuries as a result of the automobile collision between plaintiff and Emmet Doss on July 7, 1997.  The case was originally filed in the law division, was transferred to the first municipal district, and was then submitted to mandatory arbitration.  Before the arbitration hearing, plaintiff subpoenaed  two occurrence witnesses at the addresses noted on the police report documenting the collision.  These witnesses were Deitrich A. Norwood and Dondi Montgomery.  Neither Norwood nor Montgomery appeared at the arbitration hearing.  The record shows that plaintiff and her husband testified at the hearing and that plaintiff received an award of $30,000 against defendants.  The arbitration award did not include a finding that plaintiff had acted in bad faith.  Both plaintiff and defendants rejected the award and requested a trial.    

On July 23, 2002, defendants filed a motion to bar plaintiff from testifying or producing any evidence at trial and to enter judgment for the defendants as a sanction under Supreme Court Rule 91(b) for plaintiff's failure to participate in good faith at the arbitration hearing.  145 Ill. 2d R.91(b).  T
he basis of the motion to bar was that plaintiff and her husband were permitted to testify at the arbitration hearing in violation of the Dead-Man's Act, set forth in section 8-201 of the Illinois Code of Civil Procedure.  735 ILCS 5/8-201 (West 2000).  Defendants argued that because 
 plaintiff failed to produce any competent, independent, or disinterested witness to support her claim, she participated in bad faith at the arbitration hearing.  The motion to bar did not provide a copy of the transcript of the arbitration hearing; however, on August 27, 2002, the trial court granted defendants' motion and barred plaintiff from presenting any evidence or testimony at trial pursuant to Supreme Court Rule 91(b).  145 Ill. 2d R.91(b).

On August 30, 2002, defendants moved for summary judgment on the ground that plaintiff was barred and could not produce any evidence or testimony at trial and, therefore, no genuine issue of material fact existed.  The trial court granted defendants' summary judgment motion on October 3, 2002.  On the same day, plaintiff's  motion to reconsider was denied. 

Plaintiff's primary contention on appeal is that the trial court abused its discretion when it determined plaintiff's participation in the arbitration hearing amounted to bad faith, and thereafter erroneously granted the motion to bar and defendants' motion for summary judgment.

Plaintiff claims that she participated in good faith at the arbitration hearing
 by attempting to procure two independent witnesses; by preparing and serving an evidence package under Supreme Court Rule 90(c)(166 Ill. 2d R. 90(c)), which consisted of documentary evidence related to her injuries; and by presenting her testimony and that of her husband.  Plaintiff also contends that the trial court erred by finding her testimony was barred by the Dead-Man's Act, defendants should have objected to the testimony at the hearing, and the presentation of her case without independent witnesses did not amount to bad faith.
  

On appeal defendants' response is essentially the same argument they made to the trial court; plaintiff participated in bad faith by testifying at the arbitration hearing
 in violation of the Dead-Man's Act and by failing to produce the testimony of the independent witnesses subpoenaed.  As noted above, in the absence of a bad-faith finding by the arbitrators and without the benefit of any transcript from the arbitration hearing,
 the trial court found that plaintiff did not participate in the arbitration hearing in good faith
.  The trial court's sanction order debarring plaintiff from presenting any evidence at trial was based upon Supreme Court Rule 91(b).  

Supreme Court Rule 91(b) provides, in relevant part: 

"All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner.  If a panel of arbitrators unanimously finds that a party has failed to participate in a hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award.  Such award shall be 
prima facie
 evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c) ***."  145 Ill. 2d R. 91(b).     
 

Sanctions imposed by a trial court under Rule 91 "will be reversed only where the court's decision represents an abuse of discretion."  
State Farm Insurance Co. v. Harmon
, 335 Ill. App. 3d 687, 690, 781 N.E.2d 335 (2002).  A
 party must "participate in an arbitration hearing in good faith by subjecting the case to the type of adversarial testing expected at a trial."  
Harmon
, 335 Ill. App. 3d at 690.  
A party acts in bad faith "where its actions amount to a deliberate and pronounced disregard for the rules and the court."  
Harmon
, 335 Ill. App. 3d at 690.
  "Bad faith may consist of inept preparation or intentional disregard for the process."  
Harmon
, 335 Ill. App. 3d at 690.
  
Further, an abuse of discretion means a decision that is arbitrary or exceeds the bounds of reason.  
State Farm Insurance Co. v. Rodrigues
, 324 Ill. App. 3d 736, 740, 756 N.E.2d 359 (2001).

The Dead-Man's Act provides, in relevant part:

"In the trial of any action in which any party sues or defends as the representative of a deceased person ***, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased *** to any event which took place in the presence of the deceased ***."  735 ILCS 5/8-201 (West 2000).

The purposes of the Dead-Man's Act are: "[T]o protect decedents' estates from fraudulent claims and to equalize the position of the parties in regard to the giving of testimony. [Citation.]  The Act bars only that evidence which defendant could have refuted."  
Smith v. Haran
, 273 Ill. App. 3d 866, 875, 652 N.E.2d 1167 (1995).

After the briefs were filed in this case, 
Danzot v. Zabilka
, 342 Ill. App. 3d 493, 795 N.E.2d 881 (2003)
, was decided which involves very similar issues and which we conclude disposes of the issues in this case.  

Danzot
 involved a negligence action where the plaintiff filed suit against Johnnie Nunn for alleged injuries suffered as a result of an automobile collision between the plaintiff and Nunn.  At the time the action was filed, Nunn was deceased and the defendant was appointed special administrator of his estate.  The trial court ordered the case to arbitration.  As part of the plaintiff's discovery responses, she identified potential witnesses, including two disinterested witnesses who had purportedly observed the accident.

At the arbitration hearing, the plaintiff and her husband sought to testify over an objection raised by the defendant that the testimony was prohibited by the Dead-Man's Act.  The arbitration panel overruled the defendant's objection and permitted the plaintiff and her husband to testify.  Relying on that testimony, in addition to the evidence in her Rule 90(c) package, the plaintiff chose not to call the other witnesses.  The arbitrators entered an award in favor of the plaintiff in the amount of $30,000.  The arbitration award did not contain a finding that the plaintiff had participated in the hearing in bad faith.

The defendant filed a notice rejecting the award and a motion for sanctions under Rule 91(b) arguing the plaintiff participated in the arbitration hearing in bad faith.  The ground for the defendant's motion was that the plaintiff failed to present the testimony of disinterested witnesses in violation of the Dead-Man's Act.  The trial court granted the defendant's motion and barred the plaintiff from presenting evidence or testifying at trial pursuant to Rule 91(b).  The defendant filed a motion for summary judgment claiming that no material issue of fact remained because the plaintiff was unable to present any evidence supporting her claim, which was thereafter granted.

On appeal the plaintiff argued that the trial court erred by barring the plaintiff from testifying or presenting any evidence at trial and then by granting summary judgment in the defendant's favor based on the sanction.

The appellate court found the trial court's imposition of sanctions was arbitrary and an abuse of discretion because the plaintiff had breached no court rule or order.  
Danzot
, 342 Ill. App. 3d at 497-98.  To the contrary, it found that the plaintiff had complied with the court's discovery order and pretrial procedure rules by timely submitting her responses to interrogatories and the Rule 90(c) evidence package.  
Danzot
, 342 Ill. App. 3d at 497-98.
  The court further noted that, at the time of the arbitration hearing, the trial court had not made an evidentiary ruling regarding the Dead-Man's Act or otherwise issued an order restricting the plaintiff from presenting her own testimony or that of her husband at the arbitration proceedings.  
Danzot
, 342 Ill. App. 3d at 497-98.

The court also observed that the purpose of the Dead-Man's Act is to bar "
 
'
only
 that evidence which the defendant could have refuted.'  (Emphasis added.)
  [Citation.]"  
Danzot
, 342 Ill. App. 3d at 498.  It  recognized that the Dead-Man's Act does not "wholly prohibit the testimony of the person who interacted with the decedent, or that person's spouse, but rather prevents them from testifying as to any conversation with the decedent or to any 'event' which took place in the decedents' presence. [Citation.]"  
Danzot
, 342 Ill. App. 3d at 498.
  The court further relied upon the decision in 
Rerack v. Lally
, 241 Ill. App. 3d 692, 695, 609 N.E.2d 727 (1992), which also involved the application of the Dead-Man's Act in a negligence action arising from an auto collision.  

In 
Rerack
, the court found that, despite the fact the defendant was deceased, the Dead-Man's Act did not bar the plaintiff from testifying to the following facts: 

"[T]he overall mechanical condition of plaintiff's automobile and, specifically, the functioning of its brake light; the weather conditions at the time of the accident; that plaintiff's vehicle was stopped for two minutes; that plaintiff's foot was on the brake pedal of his car continuously; that plaintiff had heard no sound prior to the accident's impact; and that plaintiff observed damage to the rear of his vehicle the day after the occurrence." 
Rerack
, 241 Ill. App. 3d at 695. 

Danzot
, 342 Ill. App. 3d at 498-99.  Based on these factors in 
Rerack
, the 
Danzot
 court held the Dead-Man's Act would not bar the plaintiff and her husband from testifying to similar facts and would not require a complete prohibition of their testimony at trial.  
Danzot
, 342 Ill. App. 3d at 499.  It further concluded that the plaintiff met her burden of subjecting the case to the type of adversarial testing expected at trial by submitting a Rule 90(c) evidence package and appearing at the arbitration hearing.
  The appellate court concluded that the trial court's order debarring the plaintiff from presenting evidence was an abuse of discretion and reversed the summary judgment order based on the erroneous sanction.  
Danzot
, 342 Ill. App. 3d at 499-500. 

In the instant case
, the arbitrators permitted plaintiff and her husband to testify about the accident but, because we do not have a transcript of the arbitration hearing, we are unable to determine the exact testimony given by plaintiff and her husband.  Like 
Danzot
, though, there was no prior court order barring plaintiff or her husband from testifying to facts regarding the occurrence.  However, 
Danzot
 and 
Rerack
 establish that both plaintiff and her husband could have testified to facts such as the overall condition of plaintiff's car, the functioning of its equipment, the weather conditions at the time of the accident, and other evidence that defendant could not have refuted.  
Danzot
, 342 Ill. App. 3d at 498-499; 
Rerack
, 241 Ill. App. 3d at 695. 

The testimony of plaintiff and her husband, the submission of plaintiff's Rule 90(c) package, and plaintiff's appearance at the arbitration hearing establish that plaintiff met the burden of adversarial testing expected at trial.  

The plaintiff in 
Danzot
 was not required to present the testimony of the disinterested witnesses.  Yet, in the instant case plaintiff subpoenaed the witnesses for the arbitration hearing but through no fault of her own, the witnesses failed to appear.

Further, in this case, defendants may well have waived any objection to plaintiff's testimony under the Dead-Man's Act.  As pointed out by plaintiff, the "privilege of invoking the Dead-Man's Act belonged to [the representative of the deceased] to assert or waive."  
Wells v. Enloe
, 282 Ill. App. 3d 586, 596, 669 N.E.2d 368 (1996); 
Moran v. Erickson
, 297 Ill. App. 3d 342, 361, 696 N.E.2d 780 (1998).  Here, because the transcript of the arbitration hearing is not part of the record,
 it is unclear whether defendants properly objected to plaintiff's testimony at the arbitration hearing on the basis of the Dead-Man's Act.  Thus, we cannot conclude that defendants properly raised the Dead-Man's Act at the arbitration hearing.
 

W
e find that plaintiff participated in good faith at the hearing by attempting to procure the testimony of the two occurrence witnesses prior to the arbitration hearing.  
She did so by subpoenaing the witnesses at their addresses listed on the police report.  The affidavit of the special process server shows that Dondi Montgomery was served the subpoena on June 25, 2002, by leaving the subpoena with a member of the household over the age of 13.  The special process server was unable to serve Deitrich Norwood because he did not reside at the address shown on the police report. 

We find no authority, and defendants offer none, that required plaintiff to ensure the occurrence witnesses' compliance with the issued subpoenas.
  
We also find no authority that supports sanctioning a plaintiff because the witnesses failed to respond to a subpoena under these circumstances.
  
As a result, we conclude that plaintiff's 
inability to secure the attendance of the occurrence witnesses in this case did not amount to bad faith or sanctionable conduct.
 

Because of the evidence plaintiff did present in this case, we conclude that she met her burden of subjecting the case to the type of adversarial testing required at trial and did not have to present the testimony of Norwood or Montgomery.  If defendants believed the testimony of these witnesses was essential at the arbitration hearing
, they could have secured it through their own diligence because the two occurrence witnesses were listed on "Plaintiff's Answers to Interrogatories and Supreme Court Rule[s] 213(f) and (g) Interrogatories" (177 Ill. 2d Rs.213(f),(g)).
  
Danzot
, 342 Ill. App. 3d at 498.       

We also note that a trial court's finding of bad-faith participation without the benefit of a transcript of the arbitration proceedings and without a prior finding of bad faith by the arbitration panel has been discouraged.  See 
West Bend Mutual Insurance Co. v. Herrera
, 292 Ill. App. 3d 669, 674, 686 N.E.2d 645
 (1997).

Defendants also argue that plaintiff participated in bad faith at the arbitration hearing because of inept preparation.  In support of this argument, they rely upon language in 
Employer's Consortium Inc. v. Aaron
, 298 Ill. App. 3d 187, 191 (1998), which states that, "[a] trial court need not find intentional obstruction of the arbitration proceeding" as evidence of bad faith.  
Aaron
 also holds, "[t]he purposes of Rule 91(b) are defeated whether a party's conduct is the result of inept preparation or intentional disregard for the process."  
Aaron
, 298 Ill. App. 3d at 191.   

Defendants first point out that plaintiff could have subpoenaed the two occurrence witnesses for a discovery deposition to determine what their testimony would be.  According to defendants, had she done so plaintiff would have discovered that one witness no longer lived at the address noted on the police report.  Having this information, defendants claim plaintiff could have hired a private investigator or skip tracer to locate the witness instead of waiting until the eve of the arbitration hearing where there would be little recourse if the witness had moved.  

In addition, defendants claim that plaintiff could have secured the testimony of the other witness via affidavit or deposition pursuant to Supreme Court Rule 90(c)(5) (166 Ill. 2d R. 90(c)(5)).  If the witness did not appear, plaintiff could have petitioned the trial court for a rule to show cause or obtained a bench warrant to secure the witness's presence.  Instead, defendants contend plaintiff's failure to take these measures amounted to bad faith.

Despite the fact that defendants characterize plaintiff's  preparation regarding subpoenaing the occurrence witnesses as inept, defendants fail to cite any relevant authority supporting the conclusion that such conduct amounted to bad-faith participation.  Therefore, we find this argument waived under Supreme Court Rule 341(e)(7), which requires a party to provide citations to relevant authority supporting arguments advanced on appeal.  177 Ill. 2d R. 341(e)(7); 
McCarthy v. Denkovski
, 301 Ill. App. 3d 69, 74, 703 N.E.2d 408 (1998).  

Defendants also claim that, should this matter be remanded,  they would be prejudiced because plaintiff would attempt to locate the two occurrence witnesses and would have them testify.  Since discovery will be closed, defendants claim that they will have no opportunity to learn the witnesses' testimony prior to trial.  Defendants argue that, had the witnesses been present at the arbitration hearing, defendants would have been able to learn their testimony.  In addition, defendants, without explanation, assert the fact that plaintiff prevailed at arbitration in the amount of $30,000 also prejudiced them.  

In support of the arguments, defendants rely solely upon 
State Farm Insurance Co. v. Jacquez
, 322 Ill. App. 3d 652,  656-57, 749 N.E.2d 462 (2001), for the proposition that the
 "issue of whether a party is prejudiced by the absence of witnesses has been considered by the appellate court."  
Jacquez
 involved an order where a specific finding was made that the plaintiff had not been prejudiced.  
Jacquez
, 322 Ill. App. 3d at 656.  Therefore, 
Jacquez
 is not helpful to the prejudice arguments raised by defendants here.  As we noted above, arguments not supported by relevant authority are waived
.  
McCarthy v. Denkovski
, 301 Ill. App. 3d at 74.   

Waiver aside, the argument that defendants had no opportunity to learn the witnesses' testimony prior to trial is not persuasive.  As noted above, the two occurrence witnesses were listed on plaintiff's answers to interrogatories and Supreme Court Rules 213(f) and (g) interrogatories (177 Ill. 2d Rs.213(f),(g)). Defendants had an opportunity to depose these witnesses prior to the arbitration hearing.

Further, we fail to understand how the fact that plaintiff prevailed at arbitration in the amount of $30,000 prejudiced defendants.  The record reveals that defendants could have, and did, reject the arbitration award. 

From the record, we cannot say that plaintiff's conduct
 amounted to bad faith under Supreme Court Rule 91(b), inept preparation, or a deliberate and pronounced disregard for the rules of the court.  As a result, we conclude that the trial court abused its discretion by granting defendants' motion to bar and by entering summary judgment in their favor.

The orders entered by the trial court are reversed and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

O'MALLEY, P.J., and McNULTY, J., concur.