No. 2-09-1301      Filed: 9-23-10

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| LADYS BALMA and<br>LINDA GALLUP, | ) ) ) | Appeal from the Circuit Court<br>of Winnebago County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | Nos. 05--L--422<br>06--L--53 |
| EDWARD G. HENRY and<br>CYNTHIA A. GROSVENOR, | ) ) ) ) | Honorable |
| Defendants and Counterplaintiffs and<br>Counterdefendants-Appellees. | ) ) | Ronald L. Pirrello,<br>Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

On January 26, 2010, we granted the Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)) application of plaintiffs, Ladys Balma and Linda Gallup, for leave to appeal. The basis of that application was the trial court's October 13, 2009, order granting the motion of defendant Cynthia Grosvenor to bar the admission of all the parties' discovery depositions and its October 29, 2009, order denying plaintiffs' motion to reconsider. On December 12, 2009, the trial court entered an order for a Rule 308(a) finding. The question certified for review was "whether or not admissions made by [defendants, Grosvenor and Edward G. Henry] in their discovery depositions are barred by the Dead Man's Act." We determine that the discovery deposition testimony is not barred by the Dead-Man's Act (735 ILCS 5/8--201 (West 2008)).

FACTS

On March 1, 2004, plaintiffs were injured in a car accident allegedly caused by defendants' negligence. Gallup was driving and Balma was a passenger in a car traveling west on State Street in Rockford, while Henry was driving his van east on State Street. The collision occurred at the intersection of State Street and New Towne Drive. The intersection had a traffic control light and there was a separate lane on State Street for turning left onto New Towne Drive. Henry's van was struck from behind by Grosvenor's car. The impact propelled Henry's van forward, and the van then struck plaintiffs' car before landing in a ditch. Grosvenor received a traffic citation for failing to reduce speed to avoid an accident.

Plaintiffs filed suit for personal injuries sustained in the accident, alleging that both defendants failed to: maintain a proper lookout for other vehicles, reduce their speed in order to avoid a collision, keep their vehicles under proper control, sound their horns, and equip their vehicles with adequate brakes. Plaintiffs contended that both defendants' negligence proximately caused the accident and the resulting injuries. Defendants also filed counterclaims for contribution against each other. The cases were consolidated for trial.

Defendants each submitted to a discovery deposition. Henry's discovery deposition included statements regarding his actions prior to the accident. He stated that he intended to turn left from eastbound State Street and was completely stopped in the designated left-turn lane when his van was rear-ended by Grosvenor's car. He did not see Grosvenor's car before the collision. The impact propelled his van forward and into the oncoming westbound traffic on State Street. His van struck Gallup's car and then landed in a ditch. Henry was thrown into the back of the van and its driver's seat came out of its track.

Grosvenor's discovery deposition indicated that she was traveling east on State Street prior to the accident. She did not observe any traffic in front of her. The traffic signal was green for eastbound traffic. As she reached the beginning of the left-turn lane at the intersection, she "momentarily" looked to her left. She stated that there were no cars in front of her then and that she did not believe that her car veered to the left when she looked left. She was just beginning to look ahead when she collided with Henry's van. She did not know whether she was in the left eastbound through lane or in the left-turn lane when she struck Henry's van. She stated that approximately two seconds elapsed between when she looked to the left and the impact. She estimated that she was traveling 25 to 30 miles per hour.

In April 2008, four months after being deposed, Henry died of causes unrelated to the accident. Sharon Rudy was thereafter appointed as special administrator of his estate and substituted as a party defendant in the litigation.

On February 4, 2009, Rudy, in her capacity as special administrator of Henry's estate (the Estate) filed a motion for summary judgment, attaching as exhibits the discovery depositions of both plaintiffs and both defendants, in addition to other documents. The Estate asserted that the record was devoid of any direct evidence as to how the accident occurred and that, therefore, a trier of fact could only speculate as to Henry's liability. Thus, the Estate contended, summary judgment was warranted because the parties' discovery deposition testimony and that of a nonparty witness failed to establish any negligence by Henry. Alternatively, it contended that the application of the Dead-Man's Act would preclude plaintiffs and Grosvenor from testifying about the collision "event," eliminating any evidence of negligent conduct by Henry.

On the same date, Grosvenor filed her motion for summary judgment, attaching plaintiffs' discovery depositions and that of a nonparty witness. Grosvenor contended that, because the Dead-Man's Act had been invoked, she and plaintiffs would be precluded from testifying at trial about the mechanics of or their observations concerning the accident. She further urged that the discovery depositions of the parties could not be used as evidence at trial and that, therefore, Henry's deposition testimony would not be available to plaintiffs to present their case.

The next day, February 5, 2009, Grosvenor filed a motion to strike the "Statement of Facts" in the Estate's motion for summary judgment, contending that the discovery deposition testimony of Henry and plaintiffs, as well as her own, could not be used to either support or oppose the Estate's motion. Grosvenor asserted that she and plaintiffs "will be precluded from testifying at trial regarding the circumstances surrounding how and why the accident at issue occurred." She further asserted that "the transcript of Edward G. Henry's discovery deposition cannot be used as evidence at trial pursuant to Supreme Court Rule 212." Therefore, "[b]ecause any testimony from [Henry and plaintiffs] would be inadmissable [sic] as evidence at trial, such testimony from them cannot be used to support or oppose a motion for summary judgment."

On February 12, 2009, the trial court stayed the briefing schedule for the summary judgment motions, pending resolution of Grosvenor's motion to strike. Plaintiffs and the Estate filed briefs in response to the motion, and the trial court heard oral argument on April 1. On August 4, the trial court issued a written memorandum opinion and granted summary judgment in favor of defendants. The memorandum read in part: "the testimony referred to in the [parties'] briefs [regarded events that] occurred simultaneously with the accident and thus were 'in the presence of' the decedent."

No. 2--09--1301

On August 13, plaintiffs moved for clarification of the order, and the trial court granted Grosvenor's motion to strike the discovery deposition transcripts in their entirety.[1] Plaintiffs moved to reconsider. After hearing oral argument on October 29, the trial court denied the motion. The trial court granted plaintiffs' motion for interlocutory appeal pursuant to Supreme Court Rule 308 on December 2, and, on December 12, the trial court certified the following question for interlocutory appeal under Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)): "whether or not admissions made by [defendants] in their discovery depositions are barred by the Dead Man's Act." 735 ILCS 5/8--201 (West 2008).

On January 26, 2010, this court granted plaintiffs' application for leave to appeal pursuant to Supreme Court Rule 308(a).

ANALYSIS

The issue presented, whether Grosvenor and the Estate can invoke the Dead-Man's Act to prevent statements in the discovery depositions from being admitted in summary judgment proceedings and/or at trial, is a pure question of law, which we review de novo. De Bouse v. Bayer, 235 Ill. 2d 544, 550 (2009). Our ruling on a certified question is governed by Supreme Court Rule 308 and is limited to the certified question. De Bouse, 235 Ill. 2d at 550. We conclude that the

---

[1]The Estate's brief notes that "[a]t first glance, it is unclear whether the trial court ever withdrew its August 4, 2009[,] summary judgment written memorandum opinion and order in the Defendants' favor." However, as the Estate points out, it is clear that the "summary judgment order was vacated sua sponte such that the instant interlocutory appeal comes before this Court with Defendants' respective motion[s] for summary judgment still pending and/or stayed before the trial court."

-5-

statements made by Grosvenor and Henry in their discovery depositions are not barred by the Dead-Man's Act.

The Dead-Man's Act provides:

"In the trial of any action in which any party sues or defends as the representative of a deceased person ***, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased *** or to any event which took place in the presence of the deceased ***." 735 ILCS 5/8--201 (West 2008).

As used in the Dead-Man's Act, "representative" is defined as "any executor, administrator, heir or legatee of a deceased person." 735 ILCS 5/8--201 (West 2008); Gunn v. Sobucki, 216 Ill. 2d 602, 609 (2005).

The Dead-Man's Act protects decedents' estates from fraudulent claims and equalizes the parties' positions in regard to giving testimony. Gunn, 216 Ill. 2d at 609. The objective of the Dead-Man's Act is fairness. Vazirzadeh v. Kaminski, 157 Ill. App. 3d 638, 645 (1987). The Dead-Man's Act is intended to remove the temptation of a survivor to testify to matters that cannot be rebutted because of the death of the only other party to the conversation or witness to the event, but it is not intended to disadvantage the living. Hoem v. Zia, 159 Ill. 2d 193, 201-02 (1994); Morse v. Hardinger, 34 Ill. App. 3d 1020, 1026 (1976).

Four months after submitting to his discovery deposition, Henry died. At that point, his deposition became subject to the Dead-Man's Act. In separate motions, the Estate and Grosvenor sought summary judgement. The Estate attached to its motion the discovery depositions of all parties, while Grosvenor attached the deposition of a nonparty witness. One day later, Grosvenor

moved to strike all testimony from the parties' depositions for purposes of the summary judgment motions. It is from this peculiar posture that the trial court certified the question presented.

It is proper to apply the Dead-Man's Act in the context of a summary judgment proceeding because, while a motion for summary judgment is not a modified trial procedure, it is an adjudication of a claim on the merits and is the procedural equivalent of a trial. Rerack v. Lally, 241 Ill. App. 3d 692, 694 (1992). "[I]t strains logic to construe the *** Act in a manner that forces litigants to proceed to trial when it would be evident from an application of the *** Act, in the context of a summary judgment proceeding, that a litigant cannot prove his case." Rerack, 241 Ill. App. 3d at 694-95. Therefore, the trial court was correct to evaluate the admissibility of Henry's deposition by applying the Dead-Man's Act. However, the trial court did not rule in conformity with the answer to the certified question.

In its oral ruling after hearing argument on the motion to reconsider, the trial court stated in part:

"I was unconvinced originally that [In re Estate of Rennick, 181 Ill. 2d 395 (1998),] controls these facts. I simply remain unpersuaded that there are admissions against interest that are sought to be plucked from the depositions and used, and the rest suppressed."

This reasoning presumes that the Dead-Man's Act prevents the use of the discovery depositions in general and erroneously concludes that, therefore, no statements from the depositions are admissible. In Rennick, our supreme court held that admissions contained in a discovery deposition of a deceased party are admissible against the decedent's estate in the same manner as any other admission. Rennick, 181 Ill. 2d at 405 ("[T]he plain language of Rule 212(a)(2) provides that admissions contained in a discovery deposition are admissible as any other admission by a party

opponent"). In other words, after a party's death, the evidentiary rules regarding admissions do not change simply because an admission is contained in a discovery deposition. Rennick, 181 Ill. 2d at 408-09. However, here, the Estate waived the privilege to invoke the statute when it attached Henry's deposition to its motion for summary judgment. See Ruback v. Doss, 347 Ill. App. 3d 808, 814 (2004). Therefore, for purposes of the motions for summary judgment, the trial court could have utilized the depositions to determine whether there was a material issue of fact.

Grosvenor's argument fails because it is premised on a fallacious position that neither her deposition nor Henry's was admissible in a trial. We have determined that the Estate waived its right to invoke the Dead-Man's Act to exclude Henry's deposition. Grosvenor cannot challenge the admissibility of Henry's deposition for the following reasons.

An objection to the admission of a deposition based upon the Dead-Man's Act is properly brought by the representative of the estate, not the adverse party. See Moran v. Erickson, 297 Ill. App. 3d 342, 361 (1998). Only the representative of an estate can either assert or waive the privilege of invoking the Dead-Man's Act. Ruback, 347 Ill. App. 3d at 814. Here, the privilege does not belong to Grosvenor, and, therefore, she cannot assert that the Dead-Man's Act bars Henry's deposition. In other words, she had no standing to raise the Dead-Man's Act. See In re Estate of Sewart, 274 Ill. App. 3d 298, 308 (1995) ("It is the representative [of the estate] who is entitled to raise the objection that an adverse party or interested person is incompetent to testify [citation] and it is the representative who waives the Dead-Man's Act protection by calling a person to testify to a conversation with the decedent or to an event which took place in the decedent's presence").

In her "Reply to Plaintiff's Response to Defendant Grosvenor's Motion to Strike," Grosvenor asserted that Abel v. General Motors Corp., 155 Ill. App. 3d 208 (1987), "is the law of the Second

Appellate District."    In <u>Abel</u>, this court affirmed the trial court's decision that the decedent's discovery deposition could not be considered in ruling on a motion for summary judgment. However, Grosvenor ignores our supreme court's 1998 decision in <u>Rennick</u> that considered and rejected the argument that the use of admissions in a party's discovery deposition after the death of the party would "inhibit free discovery and be unfair to the deceased person's estate." Contrary to Grosvenor's interpretation of the law, such admissions may be considered as evidence. <u>Rennick</u>, 181 Ill. 2d at 403. Grosvenor's argument is conclusory, ill-founded, and contrary to case law. We conclude that Henry's deposition is admissible even if Henry's estate had not waived the application of the Dead-Man's Act.

Grosvenor's deposition presents a different problem. Evaluating the admissibility of her deposition requires us to consider the circumstances relating to her challenge to the admissibility. As we have pointed out, in <u>Rennick</u> our supreme court held that "[s]tatements of a party made during a deposition are admissible as an exception to the rule excluding hearsay when introduced by a party opponent." <u>Rennick</u>, 181 Ill. 2d at 408. The supreme court then explained:

"For this reason, a party and his or her attorney know at the time of the party's deposition that any statement made could be used as an admission. The evidentiary rules that limit the use of a nonparty witness' deposition testimony simply do not apply to a party deponent." <u>Rennick</u>, 181 Ill. 2d at 408.

We find that Grosvenor, a party deponent, made statements in her discovery deposition that, under <u>Rennick</u>, are admissible.

In order to fully address the certified question, we are compelled to address Grosvenor's statement regarding plaintiffs' position that Grosvenor's deposition testimony should be allowed as

evidence because the actions to which she testified did not occur in Henry's presence and could not be refuted by Henry. Grosvenor asserts that "[p]laintiffs' argument in this regard ignores the obvious fact that for the purposes of the Dead-Man's Act, the event in this case was the accident itself and all the circumstances leading up to the accident." She further asserts that "it would be absurd to argue that Defendant Grosvenor's testimony as to her version of the accident did not occur in the presence of decedent Henry." Grosvenor is correct insofar as the Dead-Man's Act bars only that evidence that the decedent could have refuted. Gunn, 216 Ill. 2d at 609; Ruback, 347 Ill. App. 3d at 813. In other words, evidence of facts that the decedent could not have refuted is not rendered inadmissible by the Dead-Man's Act. Rerack, 241 Ill. App. 3d at 695. However, she is under a misapprehension as to the law and its application to these facts.

In Rerack, the vehicle driven by the decedent struck the back of the plaintiff's car, which had already come to a complete stop. The proffered testimony related to the plaintiff's own perceptions prior to the impact and to the mechanical condition of the plaintiff's automobile, among other things. According to Rerack, the "event," as contemplated by the General Assembly in the Dead-Man's Act, was the accident. Rerack, 241 Ill. App. 3d at 695. The trial court had disallowed the plaintiff's testimony because it related to the "event" at issue, i.e., the accident. The First District held that the trial court properly barred the plaintiff from testifying regarding the details of the collision itself, but that the court's application of the Dead-Man's Act was overly broad. Thus, the plaintiff could properly testify regarding the mechanical condition of his own automobile, the functioning of his brake light, the weather conditions at the time of the accident, and that he had heard no sound prior to the impact, his foot was on the brake pedal of his car continuously, and he was stopped for two

minutes. Rerack, 241 Ill. App. 3d at 695. The court ruled that the proffered testimony was not "regarding an occurrence in the 'presence' of the decedent." Rerack, 241 Ill. App. 3d at 695.

Here, as in Rerack, the "event which took place in the presence of the deceased" was the accident itself. However, Grosvenor's actions while driving her car can be considered only as happenings or occurrences that did not take place in the presence of Henry, who was occupying a different car. Henry had no personal knowledge regarding where Grosvenor was looking just before the impact or whether she could have seen his van in front of her. He could never have testified in this regard. Therefore, we find that, absent evidence establishing that Henry had observed Grosvenor and could have testified to where she was looking or what she actually saw, Grosvenor's discovery deposition testimony should be admitted for whatever inferences may be drawn. Her testimony is not precluded because it pertained to the time period, however short, before the collision and it could not have been refuted by Henry.

Here, Grosvenor's motion to strike the transcripts of the discovery depositions asserted that she and plaintiffs "will be precluded from testifying at trial regarding the circumstances surrounding how and why the accident at issue occurred. Furthermore, the transcript of Edward G. Henry's discovery deposition cannot be used as evidence at trial pursuant to Supreme Court Rule 212." Citing Watkins v. Schmitt, 172 Ill. 2d 193 (1996), and Wiszowaty v. Baumgard, 257 Ill. App. 3d 812 (1994), Grosvenor asserted that "[i]n Illinois, any evidence which would be inadmissible at trial cannot be considered by the court in support of or opposition to a motion for summary judgment." This statement is patently incorrect. In Watkins, our supreme court held that the expert opinion testimony of a police officer as to his estimate, based on his investigation, of the speed of a truck involved in an accident was properly excluded where there was eyewitness testimony regarding the

truck's speed. Watkins, 172 Ill. 2d at 207. In Wiszowaty, the First District, in affirming the entry of summary judgment in favor of the defendant, disregarded improper statements contained within the defendant's affidavit in support of his motion for summary judgment. The court held that the statements were conclusory and improper for failing to lay a proper foundation, but that they did not void the entire affidavit. Wiszowaty, 257 Ill. App. 3d at 820. Neither case is on point. We are presented with the discovery depositions of two parties; Henry, whose deposition is admissible because the Estate waived the protections of the Dead-Man's Act; and Grosvenor, whose deposition is admissible under Rennick, which held that the evidentiary rules that limit the use of a nonparty witness's deposition testimony do not apply to a party deponent.

In deciding defendants' motions for summary judgment, the trial court, after considering and construing in plaintiffs' favor the evidence presented in the parties' discovery depositions, must decide whether there is a genuine issue of material fact. "If there is no dispute as to any material fact and the undisputed facts permit but one inference, it is only the legal effect of such facts that is at issue, and a court should grant summary judgment. [Citations.] The circuit court may grant summary judgment on such undisputed facts only if all the evidence, viewed in the light most favorable to the nonmovant, permits no inferences from which different conclusions may be drawn and with which no reasonable person could disagree." Caponi v. Larry's 66, 236 Ill. App. 3d 660, 670 (1992). However, where disputes as to material facts exist or if reasonable minds may differ with respect to the inferences from the evidence, summary judgment must not be granted. Judge-Zeit v. General Parking Corp., 376 Ill. App. 3d 573, 579 (2007). Thus, any inference of negligence must be made by the trier of fact after weighing the evidence presented.

The following language from Rerack is pertinent here:

"The mere fact that a rear-end collision occurred is not enough to support a finding of negligence against a defendant. However, a litigant may rely upon circumstantial evidence where such evidence reasonably implies negligence from all the facts and circumstances shown to exist prior to and at the time of the collision." Rerack, 241 Ill. App. 3d at 696, citing Pennington v. McLean, 16 Ill. 2d 577 (1959).

To summarize, the privilege of either asserting or waiving the Dead-Man's Act belongs to the representative of the decedent's estate. Ruback, 347 Ill. App. 3d at 814. Here, the Estate waived any objection to Henry's deposition testimony when it attached his deposition in support of its motion for summary judgment. This privilege does not belong to Grosvenor, and, therefore, she cannot assert the Dead-Man's Act to bar Henry's deposition (or anyone else's). Further, Grosvenor's statements in her deposition regarding the accident and her actions immediately prior to the collision may be considered by the trial court in its decision as to whether summary judgment is warranted. Thus, in ruling on Grosvenor's motion to strike, the trial court ruled inconsistently with our answer to the certified question.

Generally, as we stated previously, the scope of review in an interlocutory appeal brought under Rule 308 is strictly limited to the certified question; thus, our task is to answer the certified question rather than to rule on the propriety of any underlying order. P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp., 345 Ill. App. 3d 992, 999 (2004). In the interests of judicial economy and reaching an equitable result, a reviewing court may go beyond the certified question and consider the appropriateness of the order giving rise to the appeal. De Bouse, 235 Ill. 2d at 550; P.J.'s Concrete Pumping Service, Inc., 345 Ill. App. 3d at 998-99. However, Justice Kilbride, in his partial dissent in De Bouse, suggested:

[T]he better result *** would be to remand the cause to the trial court rather than to review the propriety of that court's denial of the defendants' motion for summary judgment [(in this case the grant of summary judgment)].   While I do not dispute this court's authority to conduct the review, I believe the more measured and equitable approach would allow the parties to use our answers to the certified questions to determine for themselves the future direction of this cause of action." De Bouse, 235 Ill. 2d at 561 (Kilbride, J., dissenting in part).

We will allow the parties to determine for themselves the future direction of the cause of action, based upon the answer to the certified question.

Certified question answered in the affirmative.

ZENOFF., P.J., and BOWMAN, J., concur.