# Illinois Official Reports

## Appellate Court

---

### *Peacock v. Waldeck*, 2016 IL App (2d) 151043

---

| | |
|---|---|
| Appellate Court Caption | ANDICE PEACOCK, Plaintiff-Appellant, v. KATHLEEN WALDECK, Deceased, by Special Representative Barton Waldeck, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-15-1043 |
| Filed | August 8, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 13-L-761; the Hon. Kenneth L. Popejoy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Travis Dunn, of Law Offices of Peter F. Ferracuti, of Ottawa, for appellant.<br><br>John J. Skawski and Peter J. Evans, both of Skawski Law Offices, LLC, of Oak Brook, for appellee. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

¶ 1 Plaintiff, Andice Peacock, filed a complaint in the circuit court of Du Page County against defendant, Kathleen Waldeck, seeking recovery for personal injuries that plaintiff allegedly suffered as a result of a rear-end motor vehicle collision. Defendant died during the pendency of the lawsuit (her death was unrelated to the motor vehicle accident), and the trial court appointed Barton Waldeck to serve as her special representative. The special representative successfully moved for summary judgment, contending that plaintiff could not establish defendant's negligence without testimony that would be inadmissible under the Dead-Man's Act (Act) (735 ILCS 5/8-201 (West 2014)) at trial. Plaintiff appeals from the summary judgment, arguing that the pleadings establish the existence of a question of material fact. We affirm.

¶ 2 According to plaintiff's complaint, on October 6, 2011, at 5:23 p.m., she was driving west on Roosevelt Road, and defendant was driving behind plaintiff in the same lane. While plaintiff was stopped for a stoplight, defendant's vehicle struck the rear of plaintiff's vehicle. According to the complaint, at the time of the collision, "[t]here were no visual obstructions to block Defendant's view of Plaintiff's vehicle." Prior to her death, defendant filed her answer. She averred a lack of knowledge sufficient to answer the allegation that plaintiff's vehicle was stopped at a stoplight when the collision occurred, and she neither admitted nor denied that allegation. Defendant admitted the other allegations concerning the time and location of the accident. Defendant also admitted that her vehicle struck the rear end of plaintiff's vehicle and that she had an unobstructed view of plaintiff's vehicle when the accident occurred. The record reveals that there were no known witnesses to the incident other than plaintiff and defendant.

¶ 3 Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2014). The trial court's ruling on a motion for summary judgment is subject to *de novo* review. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). "Even if some issue of fact is presented by a motion for summary judgment, if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court at trial and upon such evidence nothing would be left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered." *Koziol v. Hayden*, 309 Ill. App. 3d 472, 477 (1999).

¶ 4 A party opposing a motion for summary judgment may not rely on evidence barred by the Dead-Man's Act to establish the existence of a question of material fact. *Rerack v. Lally*, 241 Ill. App. 3d 692, 694-95 (1992). As pertinent here, the Dead-Man's Act provides that "[i]n the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability." 735 ILCS 5/8-201 (West 2014). The Dead-Man's Act carves out several exceptions to this rule (*id.*), but neither party here contends that any of the exceptions applies. Furthermore, there is no dispute that the special representative qualifies for the protection afforded under the Dead-Man's Act. "The Dead-Man's Act is intended to remove the temptation of a survivor to testify to matters that cannot be rebutted because of the

death of the only other party to the conversation or witness to the event, but it is not intended to disadvantage the living." *Balma v. Henry*, 404 Ill. App. 3d 233, 238 (2010).

¶ 5    In *Rerack*, the First District reversed a summary judgment for the administrator of the estate of the original defendant in an action arising from a rear-end collision. The propriety of the summary judgment in *Rerack* hinged on the extent to which the plaintiff's testimony about the collision would be admissible if the matter proceeded to trial. The plaintiff contended on appeal that the trial court erred by "not allowing him to present testimony regarding the following: the overall mechanical condition of plaintiff's automobile and, specifically, the functioning of its brake light; the weather conditions at the time of the accident; that plaintiff's vehicle was stopped for two minutes; that plaintiff's foot was on the brake pedal of his car continuously; that plaintiff had heard no sound prior to the accident's impact; and that plaintiff observed damage to the rear of his vehicle the day after the occurrence." *Rerack*, 241 Ill. App. 3d at 695. In concluding that the Dead-Man's Act did not bar the testimony, the *Rerack* court reasoned as follows:

"None of the plaintiff's proffered testimony, listed above, can reasonably be said to have occurred during the 'event.' Even assuming that any of the above testimony could be categorized as regarding something that was within the event, it is still not testimony regarding an occurrence in the 'presence' of the decedent. Thus, absent evidence establishing that decedent would have observed the aforementioned, it was error for the trial court to have excluded such testimony." *Id.*

While noting that "[t]he mere fact that a rear-end collision occurred is not enough to support a finding of negligence against a defendant," the *Rerack* court explained that "a litigant may rely upon circumstantial evidence where such evidence reasonably implies negligence from all the facts and circumstances shown to exist prior to and at the time of the collision." *Id.* at 696. The court concluded that the defendant's negligence could be inferred from the circumstances of the accident and that the defendant was not entitled to summary judgment. *Id.*

¶ 6    In her brief, plaintiff contends that negligence can be inferred here because defendant admitted that she was traveling behind plaintiff and had an unobstructed view of plaintiff's vehicle when the collision occurred. At oral argument, however, plaintiff conceded that negligence cannot be inferred simply because defendant was traveling behind plaintiff and had an unobstructed view of plaintiff's vehicle. She argued, however, that defendant's lack of knowledge of whether plaintiff's vehicle was stopped at a stoplight permitted an inference that—as plaintiff would have testified—it was indeed stopped.

¶ 7    If defendant had actually admitted that plaintiff was waiting at a stoplight when the accident occurred, our decision in *Burns v. Grezeka*, 155 Ill. App. 3d 294 (1987), would control the disposition of this appeal. In *Burns*, we held that "although the fact of a rear-end collision into a parked vehicle is not sufficient to establish liability as a matter of law, it is adequate to raise a *prima facie* case of negligence on the part of the driver of the rear vehicle." *Id.* at 298. On that basis, we reversed a summary judgment for the estate of a deceased driver whose vehicle struck the plaintiff's from behind while the plaintiff's vehicle was stopped at a red light.

¶ 8    Of course, defendant did *not* admit that plaintiff's vehicle was stopped at a traffic light; she averred a lack of knowledge of the truth of the allegation. Contrary to the position plaintiff took at oral argument, defendant's lack of knowledge has no evidentiary significance. Given that the Dead-Man's Act was designed to bar testimony that a decedent could have refuted,

plaintiff could have argued, perhaps, that the Dead-Man's Act should not apply to matters about which the decedent admittedly had no knowledge. That, however, is not the argument that plaintiff has made, so we consider the matter no further.

¶ 9  With only defendant's actual admissions, the evidence of negligence here is not of the same quality as the evidence that was available in *Rerack*, where the plaintiff was capable of showing that his vehicle's brake lights were functioning and that it had been stopped at a red light for two minutes before the defendant's vehicle struck it. That evidence would enable the trier of fact to eliminate several possible explanations of how the collision occurred without fault on the defendant's part. Here, in contrast, defendant's admissions leave open the possibility that the accident occurred because plaintiff stopped abruptly or in an otherwise unsafe manner (see, *e.g.*, *Thomas v. Northington*, 134 Ill. App. 3d 141, 148 (1985)), because of road conditions (see, *e.g.*, *Fabschitz v. King*, 10 Ill. App. 3d 43, 44-45 (1973)), or because of a mechanical problem with plaintiff's vehicle. Were this matter to proceed to trial, the trier of fact might conjecture that the accident resulted from negligence on defendant's part, but a verdict based on conjecture could not stand. *Argueta v. Krivickas*, 2011 IL App (1st) 102166, ¶ 10. Accordingly, the trial court properly entered summary judgment for defendant.

¶ 10  For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 11  Affirmed.