NOTICE

Decision filed 05/19/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0621

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| LINNIE KATHRYN BERRY, on Her Own Behalf and as Personal Representative of the Estate of Howard L. Berry, Deceased, | ) Appeal from the<br>) Circuit Court of<br>) Crawford County.<br>) |
| Plaintiff-Appellant, | )<br>) |
| v. | ) No. 04-L-1<br>) |
| AMERICAN STANDARD, INC., AMERICAN WATER WORKS SERVICE COMPANY, INC., ARKLA INDUSTRIES, INC., GARLOCK SEALING TECHNOLOGIES, LLC, G.W. BERKHEIMER COMPANY, INC., INDUSTRIAL CONTRACTORS, INC., JOHN CRANE, INC., LENNOX INDUSTRIES, INC., MARATHON OIL COMPANY, SEALING EQUIPMENT PRODUCTS COMPANY, UNION CARBIDE CORPORATION, and THE WHIRLPOOL CORPORATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Honorable Kimbara G. Harrell and<br>) Honorable Stephen G. Sawyer, |
| Defendants-Appellees. | ) Judges, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

On January 2, 2004, Howard and Linnie Kathryn Berry filed in the circuit court of Crawford County a complaint against 47 defendants, seeking damages resulting from Howard Berry's exposure to asbestos on various job sites. Howard Berry had been diagnosed with terminal mesothelioma on September 23, 2003, with a life expectancy of between 8 and 18 months.

On January 21, 2004, the plaintiffs' counsel served upon the defendants a notice that Howard's evidence deposition would be taken on February 25, 2004. The defendants

1

objected and requested that a discovery deposition take place first. Accordingly, Howard's discovery deposition was scheduled for March 16, 2004. Due to Howard's long employment history and the number of defendants seeking to question him, the discovery deposition was extended by agreement to March 22, 2004. Again, questioning could not be completed, and the parties could not agree to another extension. Accordingly, in May 2004, the defendants filed motions with the court to extend the discovery deposition. These motions were heard on May 12, 2004, and the court granted the defendants 4 additional days within the following 30 days in which to take Howard's discovery deposition. Howard's evidence deposition was to be taken within seven days of the receipt of expedited transcripts of the completed discovery deposition.

On May 21, 2004, the plaintiffs filed a motion for a protective order and/or an order limiting the time allotted for the continuation of Howard's discovery deposition. Attached to the motion was the affidavit of Howard's physician stating that Howard could endure no more than three hours a day of testimony for a total of no more than seven hours, which would include the evidence deposition. The evidence deposition was expected to take no more than 3½ hours. The motion came on for a hearing on May 28, 2004. The motion was denied and the previous order allowing additional time for the discovery deposition stood. We note that at this hearing, the plaintiff asked if the videotaped discovery deposition might be used as an evidence deposition in the event Howard Berry did not survive long enough to complete an evidence deposition. The defendants objected to that use of the discovery deposition, and the circuit court ruled that it would not allow the discovery deposition to be used as an evidence deposition.

Howard appeared for further discovery deposition on June 9 and 10, 2004. While all of the attorneys present completed their questioning of Howard, some attorneys who had chosen to participate via telephone conference were unable to question Howard due to

problems with the conference call. Howard's evidence deposition had been scheduled for July 6, 2004. Because some of the defendants had not completed the discovery deposition on June 10, they filed motions to quash the evidence deposition and continue the discovery deposition for the additional time already allowed by the court. These motions were heard on July 16, 2004, and the circuit court allowed additional time for the discovery deposition.

The discovery deposition resumed and was completed on July 28, 2004. Shortly thereafter, Howard Berry was hospitalized and he died on August 23, 2004. His evidence deposition was never taken. On October 6, 2004, Howard's wife, Linnie Kathryn Berry, was substituted as the personal representative of the estate of Howard Berry, deceased.

Anticipating that the plaintiff might seek to use Howard's videotaped discovery deposition as evidence, the defendants filed motions to bar the use of the discovery deposition on the ground that Supreme Court Rule 212(a)(5) bars that use where the deponent is a party to the action. 210 Ill. 2d R. 212(a)(5). Subsequently, the plaintiff moved to use the discovery deposition as evidence at the trial, and she responded to the defendants' motions to bar its use. The matter was heard before the court on May 18, 2005, and the court found that Supreme Court Rule 212(a)(5) bars the use of a *party's* discovery deposition as evidence at a trial and that a deceased plaintiff/deponent remains a party through his estate for purposes of this rule. In an order entered June 1, 2005, the court ruled that Howard Berry's deposition had been taken for the purpose of discovery and that pursuant to Supreme Court Rule 212(a)(5), if a deponent or the estate of a deceased deponent is a party to the proceeding, the discovery deposition of that deponent cannot be used as an evidence deposition. The circuit court barred the plaintiff from using Howard Berry's discovery deposition as an evidence deposition at the trial.

Thereafter, the defendants filed motions for a summary judgment in their favor on the basis that without Howard Berry's testimony, the plaintiff would be unable to prove her case.

These motions were granted by the circuit court. The plaintiff now appeals the circuit court's ruling barring the use of Howard Berry's discovery deposition as evidence at a trial.

To the extent the resolution of the issues presented depends on our construction of Supreme Court Rule 212, we apply a *de novo* standard of review. *In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998). When interpreting a supreme court rule, courts apply the same principles of construction that apply to a statute. *In re Estate of Rennick*, 181 Ill. 2d at 404. Thus, the goal of this court in interpreting a supreme court rule is to ascertain and give effect to the intent of the drafters of the rule. *In re Estate of Rennick*, 181 Ill. 2d at 404. The most reliable indicator of intent is the language used, which should be given its plain and ordinary meaning. *In re Estate of Rennick*, 181 Ill. 2d at 405. Where language is clear and unambiguous, this court must apply the language used without further aids to construction. *In re Estate of Rennick*, 181 Ill. 2d at 405.

Illinois has long recognized a sharp distinction between depositions taken for the purpose of discovery and those taken for use as evidence at a trial. The purpose of a discovery deposition is to explore the facts of the case, and for this reason wide latitude is given in the scope and manner of questioning. *In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998). Discovery depositions are used to obtain information, to commit witnesses to particular stories, and to obtain admissions from opposing parties. *Slatten v. City of Chicago*, 12 Ill. App. 3d 808, 813 (1973). Their admissibility in evidence is limited. *Slatten*, 12 Ill. App. 3d at 813. " 'Knowing in advance that a deposition is for discovery only and hence of limited availability, counsel ordinarily do not urge technical objections, and the taking of the deposition proceeds informally and expeditiously.' " *Slatten*, 12 Ill. App. 3d at 813 (quoting Cleary's Handbook of Illinois Evidence §1.5, at 8 (2d ed. 1963)). Discovery depositions are not permitted to be used at a trial even if the deponent is unavailable, because that use would inhibit free discovery by requiring time-consuming evidentiary objections at every discovery

4

deposition. See *In re Estate of Rennick*, 181 Ill. 2d at 403. In contrast, an evidence deposition is generally used for the purpose of preserving testimony for trial, and questioning is therefore limited by the rules of evidence. *In re Estate of Rennick*, 181 Ill. 2d at 401.

Only rarely may any portion of a discovery deposition be used at a trial. Those instances are set forth in Supreme Court Rule 212(a), which governs the use of discovery depositions:

"(a) *** Discovery depositions taken under the provisions of this rule may be used only:

(1) for the purpose of impeaching the testimony of the deponent as a witness ***;

(2) as an admission made by a party or by an officer or agent of a party ***;

(3) if otherwise admissible as an exception to the hearsay rule;

(4) for any purpose for which an affidavit may be used; or

(5) upon reasonable notice to all parties, as evidence at trial or hearing against a party who appeared at the deposition or was given proper notice thereof, *if the court finds that the deponent is neither a controlled expert witness nor a party*, the deponent's evidence deposition has not been taken, and the deponent is unable to attend or testify because of death or infirmity, and if the court, based on its sound discretion, further finds such evidence at trial or hearing will do substantial justice between or among the parties." (Emphasis added.) 210 Ill. 2d R. 212(a).

The circuit court in the case at bar found that Howard Berry's discovery deposition was not admissible as evidence under section 212(a)(5) because Howard Berry and his estate as represented by Linnie Kathryn Berry were parties to the action.

5

The plaintiff argues that the circuit court erred in determining that, despite his death, the deponent Howard Berry was still a party to the proceeding through the personal representative of his estate. The plaintiff argues that Howard Berry was no longer a party to the litigation after his death and that therefore the proscription of Rule 212(a)(5) against the evidentiary use of a party's discovery deposition does not apply. Relying on *Powers v. Kelley*, 83 Ill. App. 2d 289 (1967), the plaintiff argues that the status of a deponent is to be determined as of the time of the trial and not at the time the deposition was taken. We find *Powers* to be inapposite to the case at bar, in that the status to which it refers is the availability of the deponent to testify at a trial, not his status as a party, and it involves an evidence deposition, not a discovery deposition. In any event, the plaintiff cites no case in support of her argument that Howard Berry is no longer a party to the litigation through the personal representative of his estate. Howard was clearly a party at the time his discovery deposition was taken.

While no case directly addresses the precise question presented here, we hold that the circuit court did not err in determining that Howard Berry, the deponent, remains a party to this litigation, through the personal representative of his estate, for purposes of Supreme Court Rule 212, and that a discovery deposition may not be used in place of live testimony upon the death of a party/deponent.

We note initially that Supreme Court Rule 212(d) explicitly provides that a substitution of parties does not affect the right to use depositions previously taken. 210 Ill. 2d R. 212(d). From this we conclude that where the discovery deposition could not have been used as evidence prior to a substitution of parties, it cannot be so used after a substitution of parties. That is the case here.

Furthermore, in *In re Estate of Rennick*, 181 Ill. 2d 395 (1998), the Illinois Supreme Court held that a deceased party/deponent remains a party to the action through the

6

substituted personal representative of his estate for purposes of Supreme Court Rule 212(a)(2), which allows the use of a discovery deposition at a trial "as an admission made by a party" (134 Ill. 2d R. 212(a)(2)). The supreme court ruled that admissions of the deceased party/deponent could be used as evidence at a trial against that deponent's substituted estate. By doing so, the supreme court implicitly held that a deceased party/deponent remains a party to the action even after his death, through the personal representative of his estate.

We see no reason the same rule should not apply with equal force to Supreme Court Rule 212(a)(5), which bars the use of a *party's* discovery deposition as evidence at a trial. A deceased party/deponent remains a party to the action through the substituted personal representative of his estate so that Rule 212(a)(5) bars the use of a discovery deposition of the deceased party/deponent as evidence at a trial. We recently so held in *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 553 (2007), where we held that Rule 212(a)(5) "very clearly, and without qualification, excludes the use of a deceased party's discovery deposition."

Our construction of Rule 212(a)(5) is consistent with the distinction between discovery and evidence depositions underlying Rule 212 and the almost complete prohibition against the use of a party's discovery deposition as evidence at a trial. To allow the evidentiary use of a party's discovery deposition upon that party's death would effectively abrogate the provisions of Rule 212(a)(5), which bars the use of a party's discovery deposition at a trial. A different construction would turn every discovery deposition of a party into an evidence deposition because the parties would know that, in the event of the party/deponent's death, the deposition might be admissible as evidence at the trial. That result would be contrary to the intent of the drafters of the rule, which was to maintain a sharp distinction between discovery and evidence depositions. Accordingly, we find that the

7

circuit court did not err in holding that Howard Berry remained a party to the action through the personal representative of his estate for purposes of Supreme Court Rule 212(a)(5) and that under Rule 212(a)(5) the discovery deposition of Howard Berry may not be used as evidence at a trial.

The plaintiff also argues on appeal that the prejudice to the plaintiff in not admitting Howard's deposition testimony outweighs any prejudice to the defendants in allowing its use and that therefore the circuit court erred in barring the use of the discovery deposition as evidence. We note, however, that Supreme Court Rule 212(a)(5) vests no discretion in the circuit court to allow the use of a discovery deposition as evidence where the deponent was a controlled expert witness or a party to the action. If the deponent is *not* a party or controlled expert witness, then the circuit court may, upon proper notice and in its discretion, allow the use of a discovery deposition as evidence if the deponent cannot testify because of death or infirmity and if the court determines that its use will do substantial justice between or among the parties.

Strict compliance with supreme court rules is generally required. *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 116 (2004). The rules are not mere suggestions but have the force of law, and the presumption is that they will be obeyed and enforced as written. *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995). The plain and ordinary language of Supreme Court Rule 212(a)(5) gives no discretion to the circuit court to allow the evidentiary use of the discovery deposition of a *party*. Because the circuit court correctly concluded that Howard Berry remained a party to the action, it did not err in failing to exercise discretion it did not have to allow the use of Howard Berry's discovery deposition as evidence at a trial.

Nevertheless, the plaintiff points to two Illinois cases in which discovery depositions of a party were allowed into evidence at the trial. *In re Estate of Ragen*, 96 Ill. App. 3d 1035 (1981), was an action for the admission into probate of a will codicil. The circuit court

8

allowed into evidence the discovery deposition of Virginia Ragen, a coexecutor of the estate and a party to the litigation. Her deposition had been taken in Florida after the court was advised that her health prevented her from traveling to Illinois for the trial. The appellant complained that he had not received proper notice that the deposition would be used for evidence, in that it had been noticed as a discovery deposition. The appellate court held that the parties and the court were aware that the deponent would not be traveling to Illinois for the trial, and the trial judge had informed the parties prior to the taking of the deposition that he would consider the possibility of its use at the trial. *In re Estate of Ragen*, 96 Ill. App. 3d at 1046. At the beginning of the deposition, the respondents' counsel stated that it was intended to be evidentiary. The court found that the appellant had actual notice that the deposition could be admitted as evidence at the trial and that its use as evidence did not prejudice the appellant. *In re Estate of Ragen*, 96 Ill. App. 3d at 1046. Accordingly, the appellate court held that the circuit court had not circumvented the supreme court rules on discovery. *In re Estate of Ragen*, 96 Ill. App. 3d at 1046.

In *Flack v. McClure*, 206 Ill. App. 3d 976, 981 (1990), an action for specific performance on a house sale, the defendant died just four days before the trial was to begin. His codefendant and wife was appointed the special administrator of his estate for the purpose of the trial. The appellant objected to use of the decedent's deposition as evidence at the trial, claiming she had not received notice prior to it having been taken that it would be so used. The notice of the deposition had indicated that it would be used for both discovery and evidence, and this dual purpose was stated at the beginning of the deposition. The trial court found that proper notice of the dual purpose had been given and that the appellant had not objected. The appellant had known of the dual purpose and proceeded on the deposition accordingly. The court found that the supreme court rules on discovery had been complied with. The appellate court affirmed.

9

The plaintiff now argues on appeal that, just as in *In re Estate of Ragen* and *Flack*, the defendants in the case at bar were on actual notice that Howard's discovery deposition could be used as evidence at a trial in the event of Howard's death. She argues that the defendants were all aware of Howard's medical condition, that his expected life span was short, and that he might not survive until a trial. Nevertheless, she argues, the defendants dragged on Howard's discovery deposition, taxing his strength and making it impossible for him to give an evidence deposition. She also argues that the defendants were in control of the discovery deposition and asked only the questions they wanted to ask. Accordingly, she contends, any prejudice to the defendants from using Howard's discovery deposition as evidence is minimized.

Contrary to the plaintiff's argument, the record on appeal demonstrates that the defendants were not on notice that Howard's discovery deposition might be used as evidence at a trial. Throughout the proceedings below, the plaintiff always insisted that an evidence deposition would be taken at the conclusion of the discovery deposition. On the sole occasion when the plaintiff mentioned the possibility of using the discovery deposition as evidence, the defendants objected and the circuit court indicated that it would not allow that use of the discovery deposition. Accordingly, unlike *In re Estate of Ragen* and *Flack*, Howard's discovery deposition was never intended or understood to be a dual-purpose or evidence deposition. The deposition was understood and intended to be for discovery only, and all the parties proceeded with that understanding. The plaintiff cannot now claim that it was intended for a dual purpose or for evidence.

Finally, the plaintiff argues that Howard's discovery deposition should be allowed into evidence under Supreme Court Rule 212(a)(3) (210 Ill. 2d R. 212(a)(3)) as an exception to the hearsay rule, because it was a "dying declaration." This argument was presented to the circuit court in a motion to reconsider the court's previous order barring the use of the

10

discovery deposition. The circuit court denied the motion to reconsider. The circuit court's determination of whether a particular statement constitutes a dying declaration will not be reversed on appeal unless its findings are palpably contrary to the manifest weight of the evidence. *People v. Webb*, 125 Ill. App. 3d 924, 934 (1984).

We affirm the circuit court's determination that Howard Berry's discovery deposition is not admissible as an exception to the hearsay rule for dying declarations. Even if we were to find that the dying-declaration exception to the hearsay rule would allow a party's discovery deposition to be used as evidence at a trial, Howard Berry's discovery deposition does not qualify as a dying declaration for two reasons: the exception has never been recognized in a civil case, and Howard Berry was not, at the time his deposition was given, under the belief that his death was "imminent."

A dying declaration is a statement of fact made by a victim relating to the cause and circumstances of a homicide. *People v. Georgakapoulos*, 303 Ill. App. 3d 1001, 1008 (1999). A dying declaration is admissible as an exception to the hearsay rule because it possesses a guarantee of trustworthiness in the assumption that the belief of impending death excludes the possibility of fabrication by the declarant. *Georgakapoulos*, 303 Ill. App. 3d at 1008. The requirements for admitting a dying declaration into evidence are as follows: (1) the declaration pertains to the cause or circumstances of the homicide, (2) the declarant must believe that death is imminent, and (3) the declarant must possess mental faculties sufficient to give an accurate statement about the circumstances of the homicide. *Georgakapoulos*, 303 Ill. App. 3d at 1009.

In Illinois, the exception has never been applied in a civil case. In *Marshall v. Chicago & Great Eastern Ry. Co.*, 48 Ill. 475, 480 (1868), the supreme court stated, "[I]n no case, save that of a public prosecution for a felonious homicide, can dying declarations of the party killed be received in evidence," and "In civil cases they are not admissible." No

reported Illinois case has applied the exception in a civil case, and we will not be the first to do so here.

In any event, the plaintiff has failed to show that Howard Berry believed his death was "imminent" at the time he gave his discovery deposition. Belief in the imminence of death may be shown by the declarant's own statements or from circumstantial evidence, such as the nature of the wounds or statements made in his presence. *Georgakapoulos*, 303 Ill. App. 3d at 1009. The party seeking to admit a dying declaration into evidence must show that, at the time it was made, the declarant possessed " 'the fixed belief and moral conviction that death is impending and certain to follow almost immediately, without opportunity for repentance and in the absence of all hope of avoidance, when he has despaired of life and looks to death as inevitable and at hand.' " *People v. Webb*, 125 Ill. App. 3d 924, 934 (1984) (quoting *People v. Tilley*, 406 Ill. 398, 403 (1950)).

> "The principle upon which dying declarations are admitted is[] that they are made in a condition so solemn and awful as to preclude the supposition that the party could have been influenced by malice, revenge[,] or any conceivable motive to misrepresent and when every inducement was to speak the truth. It is not enough that he shall have thought he would never recover, but the declaration must be made under the belief of almost immediate dissolution." *People v. Cassesse*, 251 Ill. 422, 425-26 (1911).

While at the time Howard Berry gave his discovery deposition he knew that he had been diagnosed with a terminal illness, he did not believe that his death was "imminent" in the sense that it was "impending and certain to follow almost immediately." While Howard knew that his death was inevitable, as do we all, he did not know that it was "at hand." The assumptions regarding veracity that support the dying-declaration exception to the hearsay rule simply do not apply to Howard's discovery deposition. The circuit court's refusal to recognize Howard's deposition as a dying declaration admissible as evidence under Supreme

12

Court Rule 212(a)(3) as an exception to the hearsay rule was not contrary to the manifest weight of the evidence.

Finally, the plaintiff argues that if we reverse the circuit court's order barring the evidentiary use of Howard's discovery deposition, we must also reverse the summary judgments entered in favor of the defendants. In light of our affirmance of the circuit court's order barring the evidentiary use of Howard's discovery deposition, we need not address this issue.

One of the defendants, Industrial Contractors, Inc., has challenged our jurisdiction to hear this appeal with respect to it, arguing that the plaintiff's notice of appeal was untimely with respect to the summary judgment entered in its favor. A summary judgment in favor of Industrial Contractors, Inc., was entered on April 19, 2006. This defendant sought a finding under Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) that there was no just reason for delaying the enforcement or appeal of the judgment, but the judgment recited only that there was "no just reason for delay." In a previous order entered August 28, 2006, this court found that this language was insufficient to confer appellate jurisdiction under Supreme Court Rule 304(a). Accordingly, we held that any appeal from the summary judgment was premature.

Nevertheless, this defendant argues that the plaintiff's notice of appeal was untimely because it was not filed within 30 days of the entry of the summary judgment in its favor. Without a Rule 304(a) finding, a final order disposing of fewer than all the claims is not an appealable order and does not become appealable until all of the claims are resolved. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 464 (1990). Because the plaintiff's notice of appeal was filed within 30 days of the final order resolving all the claims of all the defendants, this appeal is timely.

For the foregoing reasons, the order of the circuit court of Crawford County barring

the evidentiary use of Howard Berry's discovery deposition is affirmed, and the summary judgments entered in favor of the defendants are also affirmed.

Affirmed.

JUSTICE CHAPMAN, specially concurring:

I write separately to say that while I believe that the result is correct under the law, I also believe that the justice system failed. Mr. Berry had a very limited life expectancy as a result of his mesothelioma–a fact testified to by his physician and known by all, due to the very nature of this disease. This case required an expedited and equitably enforced discovery schedule or a dual-purpose deposition as provided by Supreme Court Rule 202 (166 Ill. 2d R. 202) so that the plaintiff's testimony could have been preserved. That did not occur. The plaintiff first noticed his evidence deposition on February 25, 2004. At the time of his death, six months later, his evidence deposition had still not taken place. Through a series of motion-related delays and rulings of the trial court, Mr. Berry was denied his "day in court." I find that regrettable.

JUSTICE WEXSTTEN joins in this special concurrence.

NO. 5-06-0621

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr>
<td>LINNIE KATHRYN BERRY, on Her Own Behalf and as Personal Representative of the Estate of Howard L. Berry, Deceased,</td>
<td>)<br>)<br>)<br>)</td>
<td>Appeal from the<br>Circuit Court of<br>Crawford County.</td>
</tr>
<tr>
<td>Plaintiff-Appellant,</td>
<td>)<br>)<br>)</td>
<td></td>
</tr>
<tr>
<td>v.</td>
<td>)<br>)</td>
<td>No. 04-L-1</td>
</tr>
<tr>
<td>AMERICAN STANDARD, INC., AMERICAN WATER WORKS SERVICE COMPANY, INC., ARKLA INDUSTRIES, INC., GARLOCK SEALING TECHNOLOGIES, LLC, G.W. BERKHEIMER COMPANY, INC., INDUSTRIAL CONTRACTORS, INC., JOHN CRANE, INC., LENNOX INDUSTRIES, INC., MARATHON OIL COMPANY, SEALING EQUIPMENT PRODUCTS COMPANY, UNION CARBIDE CORPORATION, and THE WHIRLPOOL CORPORATION,</td>
<td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td>
<td><br><br><br><br><br><br><br><br><br><br><br><br>Honorable Kimbara G. Harrell and<br>Honorable Stephen G. Sawyer,</td>
</tr>
<tr>
<td>Defendants-Appellees.</td>
<td>)</td>
<td>Judges, presiding.</td>
</tr>
</table>

| | |
|---|---|
| **Opinion Filed**: | May 19, 2008 |

| | |
|---|---|
| **Justices**: | Honorable Thomas M. Welch, J.<br><br>Honorable Melissa A. Chapman, J., and<br>Honorable James M. Wexstten, J.,<br>Specially Concurring |

| | |
|---|---|
| **Attorneys for Appellant** | W. Russell Sipes, Todd Barnes, Linda George, Kathleen A. Musgrave, James S. Bolen, Vincent Green, George & Sipes, 151 N. Delaware, Suite 1700, Indianapolis, IN 46204 (attorneys *pro hac vice*)<br><br>Paul E. Wieck, Bennett, Schroeder & Wieck, 517 Locust Street, P.O. Box 98, Marshall, IL 62441-0098 |

**Attorneys for Appellees**

Carolyn M. Husmann, Brenda G. Baum, Anne B. Schmidt, Eric D. Rosser, James R. Grabowski, Sean Sheehan, Hepler, Broom, MacDonald, Hebrank, True & Noce, LLC, 103 W. Vandalia Street, Suite 300, P.O. Box 510, Edwardsville, IL 62025-0510; Peter J. Sacopulos, Michael J. Sacopulos, Gus Sacopulos (admitted *pro hac vice*), Sacopulos, Johnson & Sacopulos, 676 Ohio Street, Terre Haute, IN 47807 (attorneys for Marathon Oil Co.)

Douglas B. King (admitted *pro hac vice*), Dayna L. Switzer, Jamie Young, Wooden & McLaughlin, LLP, 211 North Pennsylvania Street, One Indiana Square, Suite 1800, Indianapolis, IN 46204-4208 (attorneys for Industrial Contractors, Inc.)

C. Raymond Bell, Daniel G. Donahue, Carla C. Storm, Foley & Mansfield, PLLP, 1001 Highlands Plaza Drive W., Suite 400, St. Louis, MO 63110; Susan E. Mehringer, Lewis & Wagner, LLP, 501 Indiana Ave., Suite 200, Indianapolis, IN 46204; Gregory C. Ray, Craig & Craig, 1807 Broadway Ave., P.O. Box 689, Mattoon, IL 61938-0689 (attorneys for The Whirlpool Corporation)

Craig L. Unrath, Heyl, Royster, Voelker & Allen, Bank One Building, Suite 600, 124 S. W. Adams Street, Peoria, IL 61602; Robert H. Shultz, Kent L. Plotner, Peter Maginot, Robert Marcus, Douglas Heise, Philip M. Eisele, Timothy Graham, Heyl, Royster, Voelker & Allen, Mark Twain Plaza II, Suite 100, 103 W. Vandalia Street, P.O. Box 467, Edwardsville, IL 62025-0467 (attorneys for Lennox Industries, Inc., and Union Carbide Corp. - NO BRIEFS FILED)

Dennis F. Cantrell, Katherine L. Shelby, Denise Wade Chavis, Karl L. Mulvaney, Jessica K.T. Ohlson, Daniel Gerritzen, Bingham McHale LLP, 2700 Market Tower, 10 West Market Street, Indianapolis, IN 46204-4900 (attorneys admitted *pro hac vice* for G.W. Berkheimer Co., Inc. - NO BRIEF FILED)

Paul W. Doerscheln, Jeffrey Rogers, Undray Wilks, McGuire Woods, LLP, 77 W. Wacker Drive, Suite 4100, Chicago, IL 60601-1815; Lonnie Johnson, Mallor, Clendening, Grodner & Bohrer, 511 Woodscrest Drive, Bloomington, IN 47407 (attorneys for American Standard, Inc. - NO BRIEF FILED)

Matthew J. Fischer, Schiff, Hardin, LLP, 6600 Sears Tower, 233 South Wacker Drive, Chicago, IL 60606 (attorney for Arkla Industries, Inc. - NO BRIEF FILED)

Michael A. Pollard, Baker & McKenzie, LLP, 130 East Randolph Drive, Suite 3500, Chicago, IL 60601; Daniel O'Connell, Jackie Miller, Edward M. Burns, Sean Fergus, O'Connell & Associates, 645 Tollgate Road, Suite 220, Elgin, IL 60123 (attorneys for John Crane, Inc. and Sealing Equipment Products Company - NO BRIEFS FILED)

William Mahoney, Paul E. Wojcicki, Jason L. Kennedy, Jonathan Lively, Edward McCambridge, James Williams, Keith Hays, Allison Scott, Segal, McCambridge, Singer & Mahoney, Ltd., One IBM Plaza, 330 North Wabash Avenue, Suite 200, Chicago, IL 60611 (attorneys for American Water Works Service Company, Inc. and Garlock Sealing Technologies, LLC)