# Illinois Official Reports

## Appellate Court

---

### *Eyster v. Conrad*, 2020 IL App (5th) 180261

---

| | |
|---|---|
| Appellate Court Caption | KEVIN EYSTER, Plaintiff-Appellant, v. KENNETH CONRAD, Defendant-Appellee. |
| District & No. | Fifth District<br>No. 5-18-0261 |
| Filed | January 9, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Jackson County, Nos. 14-L-39, 14-L-110; the Hon. Christy W. Solverson, Judge, presiding. |
| Judgment | Reversed; cause remanded. |
| Counsel on Appeal | Mark D. Prince and Tyler N. Dihle, of Prince Law Firm, of Marion, for appellant.<br><br>Wm. Kent Brandon and Jerrod H. Montgomery, of Brandon & Schmidt, of Carbondale, for appellee. |
| Panel | JUSTICE CATES delivered the judgment of the court, with opinion.<br>Presiding Justice Welch concurred in the judgment and opinion.<br>Justice Overstreet specially concurred, with opinion. |

**OPINION**

¶ 1        Plaintiff, Kevin Eyster, filed an action in the circuit court of Jackson County, alleging that he sustained personal injuries when Kenneth Conrad negligently entered plaintiff's lane of travel and sideswiped plaintiff's vehicle. Conrad passed away while the suit was pending, and a special representative was appointed and substituted as party defendant. Subsequently, defendant moved for summary judgment and argued that plaintiff could not establish that the decedent was negligent because the decedent and plaintiff were the only witnesses to the accident and plaintiff was barred from testifying about the facts of the accident and his conversations with decedent under the Dead-Man's Act (735 ILCS 5/8-201 (West 2016)). The trial court granted defendant's motion for summary judgment, and plaintiff appealed. On appeal, plaintiff contends that summary judgment was improper because defendant waived the protections of the Dead-Man's Act and because the testimony and admissions made by the decedent in his discovery deposition were admissible as substantive evidence of decedent's negligence under Illinois Supreme Court Rule 212(a) (eff. Jan. 1, 2011). For reasons that follow, we reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3        According to plaintiff's complaint, plaintiff was involved in four motor vehicle accidents in 2012. In January 2012, plaintiff was injured when his vehicle was rear-ended by a vehicle in Paducah, Kentucky. That incident is not a part of the pending litigation. On February 13, 2012, a vehicle operated by Benjamin Devardo struck the rear of plaintiff's vehicle. Plaintiff filed a negligence action against Devardo and Marion Ford in the circuit court of Williamson County. On April 28, 2012, plaintiff's vehicle was rear-ended by a vehicle operated by Melissa Granderson. Plaintiff filed a second negligence action against Granderson in Williamson County. Then, on November 13, 2012, a vehicle operated by Conrad allegedly sideswiped plaintiff's vehicle. Plaintiff filed another action, this one against Conrad in the circuit court of Jackson County. In the Jackson County case, plaintiff alleged that Conrad was negligent in that he failed to keep a proper lookout, failed to yield the right of way, and entered plaintiff's lane of travel when it was unsafe to do so. Plaintiff further alleged that he sustained new injuries and an aggravation of prior injuries as a result of Conrad's negligence. On November 19, 2015, the parties filed a joint motion to consolidate the Williamson County cases for purposes of discovery and trial. According to the appellee's brief, the circuit court in Williamson County granted the motion and ordered that the cases be consolidated for purposes of discovery and trial in Jackson County.[1]

¶ 4        On May 22, 2017, Conrad passed away from causes unrelated to the November 13, 2012, accident. On May 31, 2017, Conrad's attorney filed a suggestion of death and served the suggestion on all parties of record. On July 11, 2017, plaintiff filed a motion, "pursuant to section 180/2.1 of the Illinois Wrongful Death Act," for the appointment of a "Special

---

[1]The order granting consolidation is not in the record on appeal. Defendants Granderson, Devardo, and Ford have not entered appearances or otherwise participated in this appeal, and those defendants will not be referenced further.

Administrator for purposes of defending the Plaintiff's Claim."[2] On July 13, 2017, the circuit court granted the motion and appointed Matthew Caraway as the special administrator of the estate of Kenneth Conrad, deceased, (hereinafter defendant) for the purpose of defending against plaintiff's cause of action.

¶ 5 On November 2, 2017, defendant filed a motion for summary judgment and an accompanying memorandum, supported by the transcript of decedent's discovery deposition and an affidavit of the police officer who responded to the accident. Defendant argued that plaintiff could not set forth admissible evidence to establish the decedent's negligence because plaintiff and decedent were the only witnesses to the accident, and plaintiff was barred from testifying about the facts of the accident and his conversations with the decedent under the Dead-Man's Act (735 ILCS 5/8-201 (West 2016)).

¶ 6 Defendant next argued that the only occurrence witness, Officer Michael Baxter, could not provide admissible testimony to create a genuine issue of material fact regarding the cause of the accident or decedent's negligence because he had no personal knowledge of any facts concerning the accident. Defendant asserted that Officer Baxter's testimony would be inadmissible because it was based on hearsay and speculation. The affidavit by Officer Baxter was attached in support of decedent's contention. In the affidavit, Officer Baxter stated that by the time he arrived, the vehicles involved in the accident had been moved from the scene to the shoulder. Officer Baxter stated that he did not recall finding any debris or marks on the roadway indicating the point of impact, and he drew no diagrams marking the position of the vehicles involved. He could not recall any specific conversations he had with either driver, and he had no personal recall of the accident, "except what appears in my Crash Report."

¶ 7 Defendant also argued that the decedent's discovery deposition was not admissible as substantive evidence because plaintiff could not satisfy the requirements for admission under Illinois Supreme Court Rule 212(a)(5) (eff. Jan. 1, 2011). Defendant noted that Rule 212(a)(5) was amended in 2011 to permit the discovery depositions of parties to be used as evidence. Ill. S. Ct. R. 212(a)(5) (eff. Jan. 1, 2011). Citing to the committee comments on that amendment, defendant argued that Rule 212(a)(5) required a party to demonstrate "rare, but compelling, circumstances" justifying the admission of a discovery deposition. Ill. S. Ct. R. 212, Committee Comments (adopted Jan. 1, 2011). Defendant asserted that the fact that the decedent died prior to a trial or the completion of an evidence deposition did not constitute the "rare, but compelling, circumstances" that would justify the trial court to exercise its discretion to permit the introduction of the decedent's discovery deposition as substantive evidence. Defendant pointed out that the decedent testified he was 90 years old at the time of this deposition. Defendant argued that plaintiff was aware of the decedent's advanced age and that plaintiff

---

[2]As a point of procedure, section 2-1008(b)(2) of the Code of Civil Procedure (735 ILCS 5/2-1008(b)(2) (West 2016)) governs situations in which a defendant dies after the commencement of an action. Plaintiff incorrectly invoked section 2.1 of the Wrongful Death Act (740 ILCS 180/2.1 (West 2016)) in his motion for the appointment of a special representative to defend the action. Based on our reading of the record, the decedent's auto liability policy is the only asset at issue. Therefore, the mistaken reference would not impact Matthew Caraway's appointment as the special representative of the decedent for the purpose of defending this action. *Sepeda v. LaBarre*, 303 Ill. App. 3d 595 (1999). To avoid any confusion, we will refer to the special representative as "defendant."

had ample opportunity to preserve decedent's testimony during the two-year period between decedent's discovery deposition and his death and did not do so.

¶ 8 Defendant also argued that admitting decedent's discovery deposition as substantive evidence "would not do substantial justice" between the parties because plaintiff's counsel asked all of the questions during the discovery deposition, the decedent made no "unqualified admissions," and there was no reason to clarify any of the decedent's responses at the time of the deposition. Relying on the testimony in decedent's discovery deposition, defendant claimed that the decedent offered "a plausible explanation as to why he believed the accident was caused by the manner in which Eyster drove his vehicle." Defendant pointed out that decedent testified that he put on his blinkers and started to enter the adjacent lane and that plaintiff pulled up beside him and they bumped. Decedent also testified that plaintiff could have avoided the accident by slowing down. Defendant maintained that throughout the deposition, decedent denied liability and testified in accordance with his answer and affirmative defense. In concluding remarks, defendant asserted that the trial court, in its discretion, should refuse to permit decedent's discovery deposition to be used as substantive evidence because the introduction of decedent's discovery deposition, at best, would require the jury to speculate about fault based upon ambiguous testimony and, at worst, would substantially prejudice defendant.

¶ 9 As noted, defendant attached the complete transcript of decedent's discovery deposition taken May 7, 2015, in support of the summary judgment motion. During the deposition, the decedent testified that he was 90 years old and retired. Plaintiff's counsel asked the decedent what he remembered about the November 2012 accident. Pertinent portions of the exchange between plaintiff's counsel and the decedent follow:

"Q. Okay. Tell me what you remember about that.

A. Well, it happened. I was leaving Marion and going west. This is two and a half years ago.And I'm going by the mall and the road made a jig to the right and a jig to the left and I made the jig and made a left jig and I decided to enter the outside lane. I put on my blinkers. Moved in that direction and started to enter that lane and this man pulled up beside me and we bumped.

Q. All right. Did you see the other vehicle before you switched lanes?

A. No.

Q. All right. What part of your car impacted with the other car? Do you know?

A. Mainly the mirrors.

* * *

Q. Was there anything that would have blocked your view of seeing the other car before you switched lanes?

A. No.

* * *

Q. All right. Did you talk with Mr. Eyster or do you remember that?

A. I told Mr. Eyster that I thought he was just as responsible for the accident as I was.

Q. Ok. And why did you think that?

A. Because I think he could have avoided me. He was behind me. I didn't see him. And all he would have had to have done is put on his brakes and slowed down and the accident wouldn't have happened.

\* \* \*

Q. Okay. Do you know how fast you were going at the time of the collision?

A. Well, I couldn't have been going over 20 miles an hour.

\* \* \*

Q. Did you tell the police officer basically what you have told me?

A. Yes.

Q. Okay. And you wear glasses. I assume you had your glasses on at the time of the collision.

A. Yes.

Q. Okay. And what eyesight problem do you have?

A. My left eye.

Q. What's wrong—you can't see out of it or just not as good as the other one?

A. I can't see out of it."

¶ 10 According to the deposition transcript, the parties' attorneys stipulated that all objections, except as to form of the question, were reserved, and that the signature of the deponent was waived. The court reporter's certification appears on the last page of the transcript. Therein, the court reporter certified that the deponent was present, that the proceedings were taken before the court reporter, that the deposition transcript constituted a full, true, and correct report of the proceedings, and that the signature of the deponent was waived.

¶ 11 On December 19, 2017, plaintiff filed a response in opposition to defendant's motion for summary judgment and argued that defendant waived the protections of the Dead-Man's Act and that decedent's discovery deposition was admissible under Rule 212. Plaintiff attached his discovery deposition, decedent's discovery deposition, and the "Illinois Traffic Crash Report" authored by Officer Baxter as supporting exhibits. Plaintiff asserted that the admissions of negligence in the decedent's discovery deposition were admissible under Illinois Supreme Court Rule 212(a)(2) (eff. Jan. 1, 2011). Plaintiff also asserted that the discovery deposition of a deceased party may be used as evidence at trial under Illinois Supreme Court Rule 212(a)(5) (eff. Jan. 1, 2011) if the court finds that the deceased party is not a controlled expert witness and that the deceased party's evidence deposition has not been taken, and if the court, in its sound discretion, finds that admission of the testimony would do substantial justice between the parties. Plaintiff noted the decedent was not a controlled expert witness and that decedent's evidence deposition had not been taken. Plaintiff asserted there was little risk of fraudulent testimony because both parties had been deposed and both testified fully about the accident. Plaintiff noted that defendant's counsel could have asked questions of decedent during the deposition but passed on the opportunity. Plaintiff also noted that he would face vigorous cross-examination and impeachment if his testimony at trial varied from his deposition testimony. Plaintiff argued that substantial justice mandated that the complete transcript of decedent's discovery deposition be allowed as substantive evidence.

¶ 12 Plaintiff also claimed that defendant waived the protections of the Dead-Man's Act when he attached the affidavit of Officer Baxter and thereby introduced facts about the accident.

Plaintiff asserted that, given the waiver, the trial court could consider his discovery deposition and the decedent's discovery deposition to determine whether there were material issues of fact precluding summary judgment. Plaintiff noted that because Officer Baxter was not a party or otherwise directly interested in the case, the Dead-Man's Act would not bar him from testifying at trial. Plaintiff argued that while Officer Baxter stated he had little recollection of the incident in his affidavit, his traffic crash report might be used for several purposes, including refreshing the officer's recollection.

¶ 13    As noted, plaintiff attached Officer Baxter's crash report in support of his argument. The document included a section identifying the drivers involved, a diagram depicting the damage to each vehicle, and narrative by Officer Baxter, summarizing his investigation and his determination of fault. Plaintiff also attached his discovery deposition. Plaintiff testified that he was driving westbound, in the outermost lane on Illinois Route 13. He further testified that the road jogged to the left and then back to the right, and that he jogged left and the decedent stayed straight. Decedent's vehicle struck plaintiff's left bumper and damaged the driver's side of his vehicle. Plaintiff estimated that he was driving between 20 and 40 miles per hour and that decedent was traveling at roughly the same speed.

¶ 14    Defendant filed a memorandum in reply and reiterated his argument that he was entitled to summary judgment because plaintiff could not present admissible evidence of the decedent's negligence. Defendant also rejected the assertion that he waived the protections of the Dead-Man's Act by offering Officer Baxter's affidavit. Defendant argued that the few facts set forth in the officer's affidavit, such as the date and time of the accident and the identity of drivers and vehicles, were not facts that the decedent could have refuted. Defendant asserted that the affidavit was offered to show that the officer had no firsthand knowledge of the accident and that his report was based on inadmissible hearsay.

¶ 15    Defendant's motion for summary judgment was called for hearing. The record on appeal does not contain a transcript of the hearing or a bystander's report. On April 6, 2018, the trial court issued the following order:

"This matter comes before the Court on Defendant, Matthew Caraway, Special Administrator of the Estate of Kenneth Conrad, deceased, Motion for Summary Judgement. The Court has reviewed the pleadings and has heard arguments of counsel. The Court finds that Defendant's Motion for Summary Judgment is GRANTED.

The Dead-Man's Act is law in the State of Illinois. Kenneth Conrad's death precludes plaintiff from testifying as to any conversation between the plaintiff and Mr. Conrad. Likewise, plaintiff is precluded from testifying about events that occurred in Mr. Conrad's presence. Plaintiff knew of defendant's age and had over two years to take defendant's evidence deposition but failed to do so. Defendant did not waive the Dead-Man's Act by providing an affidavit which merely states that the affiant has no knowledge of the matter."

¶ 16                                                    II. ANALYSIS

¶ 17    On appeal, plaintiff claims that the trial court erred in entering summary judgment in favor of defendant based on the Dead-Man's Act. Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter

of law. 735 ILCS 5/2-1005(c) (West 2016). An order granting summary judgment is reviewed *de novo*. *In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998).

¶ 18 The Dead-Man's Act provides in pertinent part as follows:

"In the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability, except in the following instances:

(a) If any person testifies on behalf of the representative to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability, any adverse party or interested person, if otherwise competent, may testify concerning the same conversation or event.

(b) If the deposition of the deceased or person under legal disability is admitted in evidence on behalf of the representative, any adverse party or interested person, if otherwise competent, may testify concerning the same matters admitted in evidence." 735 ILCS 5/8-201(a), (b) (West 2016).

¶ 19 The Dead-Man's Act is intended "to protect decedents' estates from fraudulent claims and to equalize the position of the parties in regard to the giving of testimony." *Gunn v. Sobucki*, 216 Ill. 2d 602, 609 (2005). The Act does not bar testimony regarding facts that the decedent could not have refuted. *Balma v. Henry*, 404 Ill. App. 3d 233, 240 (2010). The application of the Dead-Man's Act is not limited to trials. *Balma*, 404 Ill. App. 3d at 238. It is proper to apply the Dead-Man's Act in the context of a summary judgment proceeding because a motion for summary judgment is an adjudication of a claim on the merits and is the procedural equivalent of a trial. *Balma*, 404 Ill. App. 3d at 238; *Rerack v. Lally*, 241 Ill. App. 3d 692, 694 (1992). Thus, a party opposing a motion for summary judgment may not rely on evidence barred by the Dead-Man's Act to establish the existence of a question of material fact. *Rerack*, 241 Ill. App. 3d at 694-95.

¶ 20 The privilege of invoking the Dead-Man's Act belongs to the representative of the deceased to assert or waive. *Balma*, 404 Ill. App. 3d at 239. The representative may waive the protections of the Dead-Man's Act either by offering testimony about an event or conversation that took place in the presence of the decedent or by admitting the deposition of the decedent into evidence. 735 ILCS 5/8-201(a), (b) (West 2016). In this case, defendant attached the complete transcript of the decedent's discovery deposition in support of his motion for summary judgment. The deposition was not offered for a limited purpose. Defendant invoked the decedent's testimony in arguing the merits of his motion. Defendant claimed the decedent provided a plausible explanation as to why he believed the accident was caused by plaintiff. During the deposition, decedent testified to his recollection of the accident, including his actions prior to, during the accident, and immediately following the accident. In this case, defendant "called" the decedent as his own witness to provide specific testimony about an event that occurred in decedent's presence to support his motion for summary judgment and thereby waived the protections of the Act. 735 ILCS 5/8-201(a), (b) (West 2016); *Balma*, 404 Ill. App. 3d at 239. As a result, the plaintiff should have had the opportunity to present evidence on the same subjects. Therefore, the trial court erred in barring plaintiff's testimony about the

accident and any conversations he had with the decedent. Plaintiff's testimony creates a genuine issue of material fact regarding decedent's negligence. Thus, the entry of summary judgment was improper.

¶ 21 Plaintiff also claimed that the trial court erred in declining to permit the decedent's discovery deposition to be admitted as substantive evidence under Rule 212(a)(5). Plaintiff asserted that the trial court barred the discovery deposition testimony based on an improper construction of the rule.

¶ 22 Rule 212 governs the uses of discovery and evidence depositions. Ill. S. Ct. R. 212 (eff. Jan. 1, 2011). Rule 212(a) provides that a discovery deposition may be used:

"(1) for the purpose of impeaching the testimony of the deponent ***;

(2) as an admission made by a party *** in the same manner and to the same extent as any other admission made by that person;

(3) if otherwise admissible as an exception to the hearsay rule;

(4) for any purpose for which an affidavit may be used; or

(5) upon reasonable notice to all parties, as evidence at trial or hearing against a party who appeared at the deposition or was given proper notice thereof, if the court finds that the deponent is not a controlled expert witness, the deponent's evidence deposition has not been taken, and the deponent is unable to attend or testify because of death or infirmity, and if the court, based on its sound discretion, further finds such evidence at trial or hearing will do substantial justice between or among the parties." Ill. S. Ct. R. 212(a) (eff. Jan. 1, 2011).

¶ 23 Relying on the committee comments to Rule 212, defendant asserts that the discovery deposition of party may only be used as evidence in rare, but compelling, circumstances. Ill. S. Ct. R. 212, Committee Comments (adopted Jan. 1, 2011).[3] Defendant argues that this case does not present the rare but compelling circumstances justifying the admission of decedent's discovery deposition as evidence because plaintiff knew of decedent's advanced age and failed to preserve his testimony. Plaintiff counters that the language in Rule 212(a)(5) is plain and unambiguous, that the elements of the rule have been met, and that substantial justice mandates that the discovery deposition be admitted into evidence.

¶ 24 In interpreting a supreme court rule, we apply the same principles of construction that apply to a statute. *Rennick*, 181 Ill. 2d at 404. The goal is to ascertain and give effect to the intention of the drafters of the rule, and the most reliable indicator of intent is the language used. *Rennick*, 181 Ill. 2d at 404-05. When the language is clear and unambiguous, it is given its plain and ordinary meaning and applied without further aids of construction. *Rennick*, 181 Ill. 2d at 405.

---

[3] "The Committee was prompted to examine this issue by the decision in *Berry v. American Standard, Inc.*, 382 Ill. App. 3d 895 (2008). The Committee believes that a trial court should have the discretion under subparagraph (a)(5) to permit the use of a party's discovery deposition at trial. It appears that there may be rare, but compelling, circumstances under which a party's discovery deposition should be permitted to be used. In the Committee's view, *Berry* presents such circumstances. Given that in most cases counsel will have the opportunity to preserve a party's testimony via an evidence deposition, it is expected that the circumstances that would justify use of a discovery deposition would be extremely limited." Ill. S. Ct. R. 212, Committee Comments (adopted Jan. 1, 2011).

The construction of a rule is a question of law that is reviewed *de novo*. *Rennick*, 181 Ill. 2d at 401.

¶ 25 Prior to January 1, 2011, Rule 212(a)(5) did not permit the discovery deposition of a party to be admitted as evidence at trial. Rule 212(a)(5) was amended in light of the appellate court's decision in *Berry v. American Standard, Inc.*, 382 Ill. App. 3d 895 (2008). The current version of Rule 212(a)(5) authorizes the trial court, in its discretion, to permit the use of a deceased party's discovery deposition if the court finds that the admission of such evidence at trial or hearing will do substantial justice between or among the parties. The provisions in Rule 212(a)(5) are clear and unambiguous, and so we apply the plain language rather than looking to extrinsic aids of construction. *Rennick*, 181 Ill. 2d at 405. While the committee comments to Rule 212(a)(5) undoubtedly offer a historical context for the application of the amendment to the rule, we believe the committee's reference to fact situations such as those in the *Berry* case were intended as illustrations and not an exhaustive account of all instances of "rare, but compelling, circumstances." Thus, we decline defendant's invitation to read the committee comments to restrict application of the rule in any and every case where an adverse party has reached an "advanced age." Rule 212(a)(5) requires the court to do substantial justice, and substantial justice requires the court to consider all of the facts and circumstances presented in each individual case so that each party may be heard and have his or her day in court.

¶ 26 In applying the provisions of Rule 212(a)(5) in this case, it is undisputed that the decedent was a party to the litigation. Decedent was not a controlled expert witness, and his evidence deposition was not taken prior to his death. The remaining question was whether the admission of the decedent's discovery deposition would do substantial justice between or among the parties. In its order, the trial court declined to permit decedent's discovery deposition to be used as substantive evidence because "[p]laintiff knew of [decedent's] age and had over two years to take [decedent's] evidence deposition but failed to do so." The court offered no other reasons for declining to consider the decedent's testimony as evidence. The record suggests that the trial court did not consider all of the facts and circumstances that were present in this case, resulting in the denial of substantial justice between the parties with the grant of a summary judgment.

¶ 27 In this case, there was no evidence that the decedent was in failing health or suffering from age-related illnesses or infirmities at the time of his discovery deposition. Based on the deposition transcript, the decedent understood the questions posed and gave responsive answers. There was no indication that decedent's death was imminent. Additionally, decedent and plaintiff both gave discovery depositions, and so the dangers of fraudulent testimony were less likely. The depositions were taken in conformity with Illinois Supreme Court Rule 206 (eff. Feb. 16, 2011) and certified pursuant to Illinois Supreme Court Rule 207 (eff. Jan. 1, 1996). We note that defendant's counsel did not ask decedent any questions, and he did not attempt to clarify or amend decedent's testimony. Defense counsel's failure to question his own client further suggests that defendant's counsel was unaware of any infirmity or health issues of defendant, other than age.

¶ 28 Additionally, we recognize that this case is not an ordinary negligence action. Three cases were consolidated for purposes of discovery and trial. Procedurally, three distinct accidents, involving four defendants, are at issue. The allegations of proximate cause and damages involve both new injuries and aggravations of prior injuries. There is no indication that any party was engaged in delay tactics. Defendant has not demonstrated any unfair prejudice.

Under these circumstances, the use of decedent's discovery deposition as substantive evidence was required to obtain substantial justice between the parties. After reviewing the record, we conclude that trial court misconstrued Rule 212(a)(5), and thereby erred in refusing to consider decedent's deposition as substantive evidence of decedent's negligence.

¶ 29 Further, all of the admissions contained in the decedent's discovery deposition are admissible to the same extent as any other admission made by that person under Illinois Supreme Court Rule 212(a)(2) (eff. Jan. 1, 2011). *Rennick*, 181 Ill. 2d at 405. In *Rennick*, our supreme court rejected the defendant's arguments that a party deponent "should be free to answer questions curtly," and to change testimony or "reconstruct it as to avoid the consequences of the deposition." *Rennick*, 181 Ill. 2d at 406-07. Thus, the admissions made by decedent in his discovery deposition may be used as evidence for purposes of the summary judgment proceedings and at trial. *Rennick*, 181 Ill. 2d at 407.

¶ 30 Finally, we note that Officer Baxter is not an adverse party or person directly interested in this action and the Dead-Man's Act would not bar him from being called as a witness. The resolution of this appeal does not require that we consider the purpose and extent to which the officer's crash report can be used or the nature and extent of the officer's testimony. Therefore, whether Officer Baxter's affidavit or traffic crash report may be used at trial, and for what purposes, are matters for the trial court, should Officer Baxter be called as a witness.

¶ 31                                                 III. CONCLUSION

¶ 32 After reviewing the record, we find that the trial court erred in entering a summary judgment in favor of the defendant where there are genuine issues of material fact regarding decedent's negligence. Notably, defendant waived the protections of the Dead-Man's Act when he attached the full transcript of the decedent's discovery deposition in support of the motion for summary judgment and asked the court to consider decedent's testimony in support of his motion. Thus, the trial court erred in barring plaintiff from offering testimony about the accident and any conversations he had with the decedent. In addition, substantial justice required the use of decedent's discovery deposition as substantive evidence under the circumstances presented. For the reasons discussed herein, the trial court erred in barring the use of the admissions and testimony in decedent's discovery deposition as substantive evidence where plaintiff satisfied the requirements of Rule 212(a)(2) and (5).

¶ 33 Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

¶ 34 Reversed; cause remanded.

¶ 35 JUSTICE OVERSTREET, specially concurring:

¶ 36 I agree with the majority that the defendant waived the protections of the Dead-Man's Act and, therefore, the circuit court erred in granting the defendant's motion for summary judgment based on application of the Dead-Man's Act. 735 ILCS 5/8-201(a), (b) (West 2016); *Balma v. Henry*, 404 Ill. App. 3d 233, 239 (2010); *Ruback v. Doss*, 347 Ill. App. 3d 808, 814 (2004). I disagree, however, with the majority's conclusion that the circuit court misconstrued Illinois Supreme Court Rule 212(a)(5) (eff. Jan. 1, 2011) in declining to permit decedent's discovery deposition to be used as substantive evidence. The circuit court entered summary judgment

based on application of the Dead-Man's Act. It did not determine in its order whether the decedent's discovery deposition may be used as substantive evidence pursuant to Rule 212(a)(5).

¶ 37    In Illinois, there remains a sharp distinction between depositions taken for the purpose of discovery and those taken for use as evidence at trial. "Discovery depositions are used primarily to obtain information, to commit witnesses to particular stories, and to obtain admissions from opposing parties." (Internal quotation marks omitted.) *Slatten v. City of Chicago*, 12 Ill. App. 3d 808, 813 (1973). "In contrast, an evidentiary deposition is generally used for the purpose of preserving testimony for trial, and questioning is therefore limited by the rules of evidence." *In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998). " 'Knowing in advance that a deposition is for discovery only and hence of limited admissibility, counsel ordinarily do not urge technical objections, and the taking of the deposition proceeds informally and expeditiously.' " *Slatten*, 12 Ill. App. 3d at 813 (quoting Edward W. Cleary, Handbook of Illinois Evidence § 1.5, at 8 (2d ed. 1963)); see also *Berry v. American Standard, Inc.*, 382 Ill. App. 3d 895, 899 (2008).

¶ 38    As noted by the majority, Rule 212(a)(5) was amended in light of the appellate court's decision in *Berry*, 382 Ill. App. 3d 895. In *Berry*, the court noted the "almost complete prohibition against the use of a party's discovery deposition as evidence at a trial" pursuant to the language of Rule 212 at that time, which, unlike here, vested no discretion in the circuit court to allow the use of a discovery deposition as evidence where the deponent was a party to the action. *Id.* at 901. However, the circumstances in *Berry* resulted in a substantial injustice. The plaintiff had been diagnosed with terminal mesothelioma, resulting in a life expectancy of approximately one year at the time he filed suit. *Id.* at 897. The plaintiff's counsel had noticed his evidence deposition upon filing suit, but defense counsel objected and requested that a discovery deposition occur first. *Id.* Defense counsel delayed the completing of the discovery deposition until the plaintiff was too weak to proceed. *Id.* at 897-88. The plaintiff died six months later, with no evidence deposition having taken place, due to a series of motion-related delays and rulings of the trial court. *Id.* The facts in *Berry* involved rare, but compelling, circumstances that, under the language of the current rule, would justify the admission of a decedent's discovery deposition at trial in order to effect substantial justice.

¶ 39    Here, however, Conrad's discovery deposition was taken on May 7, 2015, over two years before he died on May 22, 2017. The plaintiff's counsel delayed taking his evidentiary deposition despite knowing that Conrad was 90 years old at the time of the discovery deposition. Moreover, unlike *Berry*, defense counsel in no way prohibited or interfered with the taking of Conrad's evidentiary deposition, and the record indicates that Conrad was available for an evidence deposition during the two-year period.

¶ 40    Because Rule 212(a)(5) clearly provides that a circuit court exercise its sound discretion to determine whether a discovery deposition may be used as substantive evidence, I would remand this cause for the circuit court to do so. See Ill. S. Ct. R. 212(a)(5) (eff. Jan. 1, 2011) (to determine whether a discovery deposition may be used as evidence at trial, the trial court must find, "based on its sound discretion," that the evidence will do substantial justice among the parties); see also *Snelson v. Kamm*, 204 Ill. 2d 1, 33 (2003) (trial court exercises sound discretion with regard to the admission of evidence, and reviewing court will not reverse trial court's decision unless it abuses that discretion); *Jones v. Unknown Heirs or Legatees of Fox*, 313 Ill. App. 3d 249, 255 (2000) (trial court's decision involving motion to vacate pursuant to

section 2-1301(e) of the Code of Civil Procedure (735 ILCS 5/2-1301(e) (West 1998)) and its consideration whether or not substantial justice is being done between the parties, will not be disturbed absent an abuse of discretion). Accordingly, I would reverse and remand for the circuit court to exercise its sound discretion to determine whether Conrad's discovery deposition may be used as evidence pursuant to Rule 212(a)(5).